**R. Wayne JOHNSON, Petitioner,**

v.

**James LYNAUGH, Respondent.**

No. C–8538.

Supreme Court of Texas.

Oct. 17, 1990.

Rehearing Overruled Nov. 7, 1990.

R. Wayne Johnson, Snyder, pro se.

Jim Mattox, Michael J. Hodge, Anthony J. Nelson, Austin, for respondent.

PER CURIAM.

R. Wayne Johnson, an inmate of the Texas Department of Corrections, filed suit pro se *in forma pauperis* against James Lynaugh, the director of that institution, alleging that three of its disciplinary rules are unconstitutionally vague, and that Johnson has been denied the use of an audiotape player in his cell to play tapes as part of his religion. Based upon these allegations, Johnson asserts that his rights under article I, sections 3, 3a, 6, 13, and 19 of the Texas Constitution have been violated. The trial court granted Lynaugh's motion to dismiss Johnson's action with prejudice as frivolous under Texas Civil Practice and Remedies Code § 13.001, which states:

(a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure, has been filed may dismiss the action on a finding that:

(1) the allegation of poverty in the affidavit is false; or

(2) the action is frivolous or malicious.

(b) In determining whether an action is frivolous or malicious, the court may consider whether:

(1) the action's realistic chance of success is slight;

(2) the claim has no arguable basis in law or in fact; or

(3) it is clear that the party cannot prove a set of facts in support of the claim.

(c) An action may be dismissed under Subsection (a) as frivolous or malicious either before or after service of process.

The court of appeals affirmed. 766 S.W.2d 393. It analogized section 13.001 to 28 U.S.C. § 1915(d),[1] which authorizes dismissal of frivolous or malicious allegations in *in forma pauperis* suits in federal court. 766 S.W.2d at 394. The court of appeals noted that the three factors listed in section 13.001(b) have also been utilized by the U.S. Court of Appeals for the Fifth Circuit in applying section 1915(d). *Id.; see Payne v. Lynaugh,* 843 F.2d 177, 178 (5th Cir.1988); *Cay v. Estelle,* 789 F.2d 318, 326 (5th Cir.1986); *Green v. McKaskle,* 788 F.2d 1116, 1120 (5th Cir.1986). The court of appeals did not observe, however, that the Fifth Circuit has cast doubt upon the appropriateness of dismissal under section 1915(d) based upon the factor which is listed in our statute as section 13.001(b)(3), *see Payne,* 843 F.2d at 178; *Cay,* 789 F.2d at 326; and the United States Supreme Court has indicated that the proper factor to be considered in applying section 1915(d) is the one listed in our statute as section 13.-001(b)(2), *see Neitzke v. Williams,* 490 U.S. 319, ——, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989) ("a complaint ... is frivolous where it lacks an arguable basis in law or in fact"). Although the trial court did not specify what factors in section 13.001(b) it considered determinative, the appeals court appears to have based its decision in part at

---

**1.** "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

least upon the first one, holding that Johnson's realistic chance of ultimate success on his claim under article I, section 6 is slight. 766 S.W.2d at 395.

Johnson did not challenge the validity of section 13.001 in the court of appeals. In this court he contends for the first time that section 13.001 violates article I, section 13 of the Texas Constitution, the "open courts" provision. This contention is not properly before us. *See* Tex.R.App.P. 131(e); *Aetna Life Insurance Co. v. Wells*, 566 S.W.2d 900, 901 (Tex.1978) (withdrawing order granting writ of error). Johnson's application for writ of error is denied. Our action does not, however, imply approval of a dismissal of an action based solely upon section 13.001(b)(1) or of the reasoning of the court of appeals' opinion.