Lawrence E. THOMPSON, Appellant,

v.

Captain B.E. WEST, Jr. et al., Appellees.

No. B14–90–0212–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 24, 1991.

Rehearing Denied Feb. 28, 1991.

Lawrence E. Thompson, Gatesville, pro se.

JoAnne Bernal, Michael P. Hodge, Austin, for appellees.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

This is an appeal from the dismissal as frivolous of appellant's pro se *in forma pauperis* action. We affirm.

Appellant filed several inmate grievances with the Texas Department of Criminal Justice–Institutional Division in which he alleged that several items of his personal property, including a thermal underwear shirt, one pair of nail clippers, one extension cord and one bottle of Vitamin E tablets, were lost or wrongfully confiscated by appellees. Because he received no relief from his complaints, he filed this law suit under the Texas Tort Claims Act. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.021. The trial court dismissed the complaint with prejudice as frivolous pursuant TEX. CIV.PRAC. & REM.CODE ANN. § 13.001.

In his sole point of error, appellant asserts that the trial court erred in dismissing this action pursuant to the court's inherent authority granted by the State Legislature in TEX.CIV.PRAC. & REM.CODE ANN.

§ 13.001 (Vernon Supp.1991). That section states:

(a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure, has been filed may dismiss the action on a finding that:

(1) The allegation of poverty in the affidavit is false; or

(2) the action is frivolous or malicious.

(b) In determining whether an action is frivolous or malicious, the court may consider:

(1) The action's realistic chance of success is slight:

(2) The claim has no arguable basis in law or in fact; or

(3) It is clear that the party cannot prove a set of facts in support of the claim.

(c) An action may be dismissed under Subsection (a) as frivolous or malicious either before or after service of process.

TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1991). TEX.R.CIV.P. 145 provides that an indigent party may be excused from paying costs by filing an affidavit of inability to pay.

The trial court has broad discretion to determine whether a suit filed pursuant to TEX.R.CIV.P. 145 should be dismissed as frivolous under Section 13.001 of the Texas Civil Practice and Remedies Code. *Johnson v. Lynaugh*, 766 S.W.2d 393, 394 (Tex. App.—Tyler 1989), *writ denied per curiam*, 796 S.W.2d 705 (Tex.1990). Section 13.001 mirrors 28 U.S.C. Section 1915(d), the Federal Statute empowering Federal Courts to dismiss frivolous or malicious *in forma pauperis* actions. *Id.* The three factors enumerated in 13.001(b) are a codification of the guidelines used by the federal courts in determining whether claims are frivolous. *Id.* The U.S. Supreme Court explained the congressional intent behind Section 1915(d):

Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive law suits.... Dismissals on these grounds are often made

*sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.

*Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).

 Such frivolous or malicious suits unnecessarily subject prison officials to the burdens of litigation and effectively prevent prisoner suits with merit from receiving adequate attention. *Johnson v. Lynaugh,* 766 S.W.2d at 394, quoting *Green v. McKaskle,* 788 F.2d 1116, 1120 (5th Cir. 1986). The Fifth Circuit Court of Appeals has recently declared that an *in forma pauperis* suit is not automatically frivolous under Section 1915(d) because a complaint fails to state a claim under Fed.R.Civ.P. 12(b)(6). *Pugh v. Parish of St. Tammany,* 875 F.2d 436, 438 (5th Cir.1989), citing *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Consequently, dismissal of an *in forma pauperis* suit under Section 13.001(b)(3), may no longer be appropriate. *Johnson v. Lynaugh,* 796 S.W.2d 705, 706 (Tex.1990).

Here, the court did not specify which factor in Section 13.001(b) it considered dispositive in determining that this action was frivolous. Appellant brings suit against employees of the Texas Department of Criminal Justice–Institutional Division for intentional deprivation of property under the Texas Tort Claims Act. *See* TEX.CIV. PRAC. & REM.CODE ANN. § 101.021. A complaint is frivolous where it lacks an arguable basis in law. TEX.CIV.PRAC. & REM.CODE ANN. § 13.001(b)(2) (Vernon Supp.1991). An example of a complaint based on an "indisputably meritless legal theory" is when the defendants are immune from suit such as here. *Neitzke,* 490 U.S. at 329, 109 S.Ct. at 1833. *See Wheat v. Texas Department of Corrections,* 715 S.W.2d 362, 363 (Tex.App.—Houston [1st Dist.] 1986, writ refused, n.r.e.). Appellant's cause of action stands no chance of ultimate success. Thus, dismissal of appellant's claim was appropriate under Section 13.001(b)(1) or (b)(2). The sole point of error is overruled.

The judgment of the trial court is affirmed.