**Jerry BROWN a/k/a Jerry Davis, Appellant,**

v.

**James A. LYNAUGH, James A. Collins, Jerry Peterson and The State of Texas, Appellees.**

No. 01–90–00679–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 10, 1991.

**814**

Jerry Brown, pro se.

Frank Blazek, Walker County Dist. Atty., for appellees.

Before TREVATHAN, C.J., and COHEN and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

This is an appeal from a dismissal pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 13.-001 (Vernon Supp.1991). Plaintiff, Jerry Brown, a/d/a/ Jerry Davis, is a prisoner at Texas Department of Justice, Institutional Division (TDC). The plaintiff's cause of action is based on the Wrongful Imprisonment Act. The premise of his lawsuit is that he should have been held at the county jail, not at TDC. We affirm the trial court's dismissal of the suit.

Without a hearing, the trial court dismissed the plaintiff's action with prejudice pursuant to its authority under TEX.CIV. PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1991). A pro se suit may be dismissed if under section 13.001(a) of the Code, the trial court finds that (1) the allegation of poverty in the affidavit is false, or (2) the action is frivolous or malicious. TEX.CIV.PRAC. & REM.CODE ANN. § 13.001(a) (Vernon Supp.1991). Here, the trial court did not state why it dismissed the suit.

In point of error one, the plaintiff argues that the trial court abused its discretion when it dismissed his suit. TEX.CIV. PRAC. & REM.CODE ANN. § 13.001 (Vernon 1986).

Section 13.001(b) of the Code lists three factors the trial court may consider in making its decision whether the action is frivolous: (1) Does the action realistically have only slight chance of ultimate success? (2) Does the claim have no arguable basis in law or in fact? (3) Is it clear that the party cannot prove a set of facts in support of the claim? TEX.CIV.PRAC. & REM.CODE ANN. § 13.001(b) (Vernon Supp.1991). Section 13.001(b) of the Code codifies the forma pauperis guidelines used by the federal courts under 28 U.S.C.S. § 1915(d) (Law. Co-op.1989). *Johnson v. Lynaugh,* 766 S.W.2d 393, 394 (Tex.App.—Tyler 1989) (*Johnson I*), *writ denied per curiam,* 796 S.W.2d 705 (Tex.1990).

In *Johnson v. Lynaugh,* 796 S.W.2d 705, 706 (Tex.1990) (*Johnson II*), the Texas Supreme Court noted that of the three factors listed in section 13.001(b), the United States Supreme Court has said the proper factor is the one listed in our Code as section 13.001(b)(2), that the claim has no arguable basis in law or in fact. *See Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1832–33, 104 L.Ed.2d 338 (1989). In affirming *Johnson I,* the Texas Supreme Court specifically discouraged reliance on § 13.-001(b)(1). *Johnson II,* 796 S.W.2d at 707. The Texas Supreme Court also discouraged reliance on § 13.001(b)(3), by noting that the Fifth Circuit has "cast doubt upon the appropriateness of dismissal" under the federal equivalent to our § 13.001(b)(3). *Johnson II,* 796 S.W.2d at 706; *see also Thompson v. West,* 804 S.W.2d 575, 577 (Tex.App.—Houston [14th Dist.] 1991, writ requested) ("[D]ismissal of a suit in forma pauperis suit under section 13.001(b)(3) may no longer be appropriate."); *Johnson v. Lynaugh,* 800 S.W.2d 936, 938 (Tex. App.—Houston [14th Dist.] 1991, writ granted) (*Johnson III*) (the proper factor to consider in dismissing an in forma pau-

peris suit is § 13.001(b)(2), not § 13.-001(b)(3)).

This Court will only consider whether the plaintiff's claim has an arguable basis in law or in fact. *McDonald v. Houston Dairy*, 813 S.W.2d 238 (Tex.App.—Houston [1st Dist.] August 1, 1991, n.w.h.) (not yet reported). Here, from a most liberal reading of the original petition and appellate brief, the plaintiff appears to claim that he was wrongfully imprisoned when he was transferred to the TDC, allegedly in violation of article 42.09(4) of the Texas Code of Criminal Procedure. Article 42.09(4) provides:

> If a defendant is convicted of a felony and his sentence is a term of ten years or less and he gives notice of appeal, he shall be transferred to the Department of Corrections on a commitment pending a mandate from the court of appeals or the Court of Criminal Appeals upon a request in open court or upon written request to the sentencing court. Upon a valid transfer to the Department of Corrections under this section, the defendant may not thereafter be released on bail pending his appeal.

TEX.CODE CRIM.P.ANN. art. 42.09 § 4 (Vernon Supp.1991).

In December of 1987, the plaintiff was given a 10–year sentence for theft, and a six-year sentence for fraud. The six-year sentence was to run cumulative to the 10 year sentence, for a total of 16 years. Both convictions were on appeal when the plaintiff was transferred to the TDC on January 28, 1988, without his request. A mandate was issued on February 15, 1990.

The plaintiff argues that for the period between January 28, 1988 and February 15, 1990, he had a right to remain in the county jail, despite the cumulation of the two sentences. The plaintiff relies on *Rodriguez v. State*, 744 S.W.2d 361, 364–65 (Tex.App.—Corpus Christi 1988, no pet.), along with TEX.CODE CRIM.PROC.ANN. art. 42.09(4) (Vernon Supp.1987), to support his argument that he should not have been transferred to TDC. Even if we were to agree that the plaintiff should not have been sent to TDC, it does not follow that the plaintiff has a cause of action for damages against the defendants for transferring him there.

The plaintiff cites no authority for his contention that a violation of article 42.09 gives rise to an action under the Wrongful Imprisonment Act. Section 103.001, entitled "Claimants Entitled to Compensation," states:

> A person is entitled to compensation if the person:
>
> (1) has served in whole or in part a sentence in prison under the laws of this state;
>
> (2) pleaded not guilty to the charge for which he was convicted and that led to the imprisonment;
>
> (3) is not guilty of the crime for which he was sentenced; and
>
> (4) has received a full pardon for the crime and punishment for which he was sentenced.

TEX.CIV.PRAC. & REM.CODE ANN. § 103.001 (Vernon 1986). Here, the plaintiff has not received a pardon from the final adjudication of guilt for both convictions.

■ The trial court has broad discretion to determine whether to dismiss a suit under section 13.001. *Johnson I*, 766 S.W.2d at 394; *see also Thompson*, 804 S.W.2d at 576. From the facts alleged in the plaintiff's original petition, the trial court did not commit a clear abuse of discretion.

We overrule point of error one.

■ In point of error two, the plaintiff attacks the constitutionality of section 13.-001(b)(3). The plaintiff, however, has not established that the trial court relied on section 13.001(b)(3) when it dismissed his suit. This Court will not consider a constitutional challenge to a statute, when there is no evidence the statute played a role in the outcome of a cause of action. *See Develo–Cepts, Inc. v. City of Galveston*, 668 S.W.2d 790, 794 (Tex.App.—Houston [14th Dist.] 1984, no writ); *Kircus v. London*, 660 S.W.2d 869, 872 (Tex.App.—Austin 1983, no writ).

We overrule point of error two.