**Jumeau ONNETTE, Appellant,**

v.

**Thomas F. REED, et al., Appellees.**

**No. 01–90–01134–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 25, 1992.

Juneau Onnette, pro se.

Dan Morales, Will Pryor, Mary F. Keller, Michael P. Hodge, Robin Sanders, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and DUNN and WILSON, JJ.

## OPINION

WILSON, Justice.

This is an appeal from the dismissal of appellant's pro se *in forma pauperis* action as frivolous. We reverse and remand.

Appellant is a prisoner at the Texas Department of Criminal Justice (TDCJ), Institutional Division. He brought suit[1] against the TDCJ[2] and five of its employees for injuries he incurred in a fall from a scaffold. Appellant was painting on the scaffold at the instruction of some of the appellees when he fell 25 to 30 feet to the ground. Appellant further claims that these appellees ordered him onto the scaffold knowing it was unsafe.

Appellant's action was based on the Texas Tort Claims Act, found at Tex.Civ.Prac. & Rem.Code Ann. § 101.001 et seq. (Vernon 1986), 42 U.S.C. § 1983 (section 1983), and state negligence law. Appellees moved to dismiss his suit as frivolous, and the trial court granted their motion. Appellant con-

---

1. Appellant's live pleading is his First Amended Original Petition filed May 24, 1990, prior to appellees' First Amended Motion to Dismiss. All references to appellant's pleadings are to the first amended petition unless otherwise noted. It appears from the record and appellees' brief that neither the trial court nor appellees ever saw the first amended petition.

2. The TDCJ was not served and did not voluntarily file an answer although sued in appellant's first amended petition. There is no question before us relative to the finality of the judgment because the statute in question permits dismissal "either before or after service of process." Tex.Civ.Prac. & Rem.Code Ann. § 13.-001(c) (Vernon Supp.1991).

tends that the dismissal was erroneous. We agree.

▮ Trial courts have broad discretion in determining whether to dismiss a suit for frivolousness. *Brown v. Lynaugh,* 817 S.W.2d 813, 815 (Tex.App.–Houston [1st Dist.] 1991, no writ); *McDonald v. Houston Dairy,* 813 S.W.2d 238, 239 (Tex.App.–Houston [1st Dist.] 1991, writ requested).

▮ The factors for a trial court to consider in determining whether an action is frivolous are set out in section 13.001(b) of the Texas Civil Practice and Remedies Code. The factors are as follows: (1) Is the action's realistic chance of success a slight one? (2) Does the claim have an arguable basis in law or fact? (3) Is it clear that the plaintiff cannot prove a set of facts to support the claim? TEX.CIV. PRAC. & REM.CODE ANN. § 13.001(b) (Vernon Supp.1991). *See also Brown,* 817 S.W.2d at 814; *McDonald,* 813 S.W.2d at 239.

However, in *Johnson v. Lynaugh,* 796 S.W.2d 705, 706 (Tex.1990), the Texas Supreme Court noted that of the three factors set out in section 13.001(b), the United States Supreme Court had approved only the one listed as 13.001(b)(2), whether the claim has an arguable basis in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1832–33, 104 L.Ed.2d 338 (1989). The Texas Supreme Court discouraged reliance on section 13.001(b)(1). *Johnson,* 796 S.W.2d at 707.

The Texas Supreme Court also discouraged reliance on section 13.001(b)(3) by noting that the Fifth Circuit has "cast doubt upon the appropriateness of dismissal" under the federal equivalent to that section. *Id.* at 706. *See also Thompson v. West,* 804 S.W.2d 575, 577 (Tex.App.–Houston [14th Dist.] 1991, writ requested). We therefore limit our inquiry to whether appellant's claims have an arguable basis in law or fact. *See Brown,* 817 S.W.2d at 815; *McDonald,* 813 S.W.2d at 239.

▮ In arguing that appellant's Texas Tort Claims Act action was correctly dismissed, appellees state as follows:

According to the Tort Claims Act, a "governmental unit in the state" may be liable for certain acts of negligence by its employees. TEX.CIV.PRAC. & REM.CODE ANN. §§ 101.021, 101.102(b) (Vernon 1986). In the case at bar, plaintiff sued four [sic; five] individual TDCJ–ID employees. Thus, plaintiff failed to bring his suit within the purview of the Tort Claims Act and it was, for this [ ] reason, properly dismissed.

However, appellant's Texas Tort Claims Act claim was *not* against the individual employees; rather, it was against the TDCJ. This fact is clear from the record. Appellant's petition states that, "[c]oncerning Defendant T.D.C.J., this action is maintained under and by virtue of . . . the Texas Tort Claim Act." Appellant made no Texas Tort Claims Act claim against any defendant *but* the TDCJ.

Section 101.021 of the Texas Tort Claims Act states in relevant part as follows:

A governmental unit in the state is liable for: . . . (2) personal injury . . . so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1986). Appellant has sued the TDCJ, a "governmental unit in the state," for injuries sustained when he fell from a scaffold he alleges was unsafe, i.e., for injuries caused by "a condition . . . of tangible personal [ ] property." If appellant proves his case, the TDCJ "would, were it a private person, be liable to [appellant] according to Texas law."

We hold that appellant's claim under the Texas Tort Claims Act against the TDCJ has a basis in law.

Regarding appellant's section 1983 claim, appellees argue that "[the TDCJ employees] are entitled to qualified immunity." Prison officials and officers may rely on qualified immunity in section 1983 actions. *Procunier v. Navarette,* 434 U.S. 555, 561, 98 S.Ct. 855, 859, 55 L.Ed.2d 24 (1978). Once a defendant asserts the affirmative defense of qualified immunity, the burden shifts to the plaintiff to rebut it. *Whatley v. Philo,* 817 F.2d 19, 20 (5th Cir.1987). To meet this burden, the plaintiff must estab-

lish that the defendant's conduct "violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Brown v. Texas A & M University*, 804 F.2d 327, 332 (5th Cir. 1986). The reviewing court must examine the plaintiff's section 1983 claim to determine which "statutory or constitutional rights" he claims were violated, then decide if he pled the violations sufficiently. *See Id.* at 333, 334.

■ Here, the TDCJ employees properly asserted qualified immunity. We therefore examine appellant's pleadings, employing the following standards. Appellant's complaint "cannot be cast in broad, indefinite, and conclusory terms." *Id.* at 333; *see Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir.1986). Rather, "the plaintiff must plead specific facts with sufficient particularity to meet all the elements necessary to lay a foundation for recovery, including those necessary to negative the defense of qualified immunity." *Brown*, 804 F.2d at 333; *see Elliott v. Perez*, 751 F.2d 1472, 1479 (5th Cir.1985).

In appellant's section 1983 claim, he alleges that his "Constitutional Rights to freedom from cruel and unusual punishment, and bodily injury" were violated by appellees. There is no constitutional right to be free of bodily injury. Therefore, appellant has not pled a sufficient section 1983 claim here. We therefore turn to the question of appellant's section 1983 claim regarding cruel and unusual punishment.

■ There is, of course, a constitutional right, found in the Eighth Amendment, against cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 345, 101 S.Ct. 2392, 2398, 69 L.Ed.2d 59 (1981). Prisoners may bring section 1983 claims for cruel and unusual punishment. *See Roberts v. Williams*, 456 F.2d 819 (5th Cir.1972) (verdict for prisoner in section 1983 claim for cruel and unusual punishment upheld). A section 1983 claim must encompass two essential elements: there must be conduct committed by a person acting under color of state law, and the conduct must have deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or the laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981).

Appellant pled that the five TDCJ employees "acting under color of state law, violated [his] rights to be free from cruel and unusual punishment, protected under the 8th and 14th Amendments of the United States Constitution ... [by] acting with deliberate and callous indifference toward [his] health and safety, intentionally wilifully [sic], and knowingly compelled [him] ... to work [to] his physical capacity, and or [sic] work in conditions dangerous to his health" when they knew appellant had a physical impairment, knew there was no proper safety equipment, and knew the scaffold was unsafe. Appellant therefore pled conduct by persons acting under color of state law and the deprivation of the right against cruel and unusual punishment, which is a right secured by the Constitution. Appellant adequately pled a section 1983 claim alleging cruel and unusual punishment and met his burden of asserting that the TDCJ employees violated a constitutional right of which a reasonable person would have known.

We hold that appellant's section 1983 claim against the TDCJ employees for cruel and unusual punishment has a basis in law.

We next turn to the issue of appellant's state law claim for negligence. Appellant's petition sets out numerous allegations of negligence, including that appellees were negligent in failing to provide him with proper safety equipment and that appellees were negligent in requiring him to perform the task in the first place due to his physical impairment.

■ Appellees argue that the five TDCJ employees "are entitled to quasi-judicial immunity for any state law claims against them." They note that "[i]t is well settled under Texas law that a public officer whose actions may be classified as 'quasi-judicial' enjoys immunity from personal liability as long as he acts in good faith and within the scope of his authority," citing

*Augustine v. Nusom,* 671 S.W.2d 112, 115 (Tex.App.–Houston [14th Dist.] 1984, writ ref'd n.r.e.). Officers of the TDCJ are state employees. *See Thompson v. Mannix,* 814 S.W.2d 811, 812 (Tex.App.–Waco 1991, no writ). Such defendants are entitled to quasi-judicial immunity from damages. *Id.; Johnson v. Peterson,* 799 S.W.2d 345, 347 (Tex.App.–Houston [14th Dist.] 1990, no writ).

Quasi-judicial immunity can be overcome, however, by a sufficient claim of bad faith. *Id.* Appellant, throughout his petition, refers to the conduct of the five TDCJ employees as "grossly negligent," "heedless," as demonstrating "callous indifference" and "reckless disregard," and in other similarly negative terms.

We hold that appellant's state law negligence claim has a basis in law and that appellant overcame the TDCJ employees' pleas of quasi-judicial immunity.

We reverse the trial court's judgment of dismissal and remand this case to the trial court.