Reeves-DB v. Love et al 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-149-CV

     DAN BRUCE REEVES,
                                                                                              Appellant
     v.

     K.C. LOVE, ET AL.,
                                                                                              Appellees
 

From the 87th District Court
Freestone County, Texas
Trial Court # 96-152-B
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Reeves appeals from an order of the trial court dismissing his pro se informa
pauperis action as frivolous.
      Appellant, a prison inmate, filed suit on May 30, 1996, pro se informa pauperis, against Dr.
K.C. Love, medical doctor; Melvin Wright, nurse practitioner; and Felicia Willis, hospital
administrator/director of nursing, all employees of the Texas Department of Criminal Justice,
Institutional Division, at Teague, Texas.
      Appellant alleged he was relocated to the Teague TDCJ-ID facility on February 13, 1996; that
he arrived at the facility with medications prescribed by a physician for hypertension and severe
headaches; that he had taken the prescribed medications for over 14 years and had entered TDCJ-ID in 1993 with prescriptions for same. Appellant alleged Appellee Wright discontinued his
medication; that he requested to see Appellee Dr. Love several times; that Appellee Wright said
he could not see Dr. Love and should take whatever medications were given him; that he spoke
with Appellee Willis about his medications and his inability to see the medical doctor; and that he
tried numerous times to see the medical doctor but to no avail. 
      Specifically, concerning his medications, Appellant alleges that he was on Procardia and
Esteric Aspirin when he came to the Teague facility which controlled his hypertension, but that
these were refused him and he was put on HCTZ which did not control his hypertension; and
without the medical doctor's examination. Appellant alleged he tried to get informal resolution
through the Department's grievous procedure but was denied relief.
      Appellant alleged Appellees knowingly and intentionally prevented him from receiving
accepted standards of medical care, and sought a restraining order to prevent Appellees from
denying him medications that were ordered in January 1996, until he could be examined by a
medical doctor. He also sought damages.
      Appellant filed a declaration of inability to pay court costs and a declaration that he had not
previously brought any pro se suits which were dismissed as frivolous. He further declared that
he was unable to obtain a certified copy of his prison trust account, although he had twice
requested same, and asked that this requirement be waived. The trial court dismissed with
prejudice Appellant's action on June 11, 1996, as frivolous.
      Appellant appeals contending the trial court erred and abused its discretion in that it
erroneously dismissed his claims as frivolous and with prejudice when there were clearly arguable
basis in law for his claims.
      Chapter 14 of the Civil Practice & Remedies Code applies to an inmate who has brought a suit
with an affidavit or unsworn declaration of inability to pay costs. Section 14.003 allows a court
to dismiss a suit before or after process is served if the court finds (1) the allegation of poverty is
false, (2) the claim is frivolous or malicious, or (3) the inmate filed an affidavit or unsworn
declaration that the inmate knew was false. In determining whether a claim is frivolous or
malicious, the court may consider whether (1) the claim's realistic chance of success is slight, (2)
the claim has no arguable basis in law or fact, (3) it is clear the party cannot prove facts in support
of his claim, or (4) the claim is substantially similar to previous claims filed by the inmate.
      Section 14.004 requires the inmate to file a separate declaration identifying each prior suit
brought by the inmate; and to file a certified copy of his trust account statement from the
Department. Section 14.005 applies to complained-of acts subject to the required grievance
procedure set up by the Department.
      The standard for review of a dismissal under Chapter 14 is whether a court abused its
discretion. Hickson v. Moya, et al., 926 S.W.2d 397 (Tex. App.—Waco 1996, no writ).
      Appellant has alleged Appellees changed his treatment for hypertension that he had been on
for many years, that was effective, to a treatment that was not effective; that he was denied the
opportunity to see the medical doctor; that his complaints were dismissed without service of
process on Appellees and a hearing to determine whether there was arguable basis in law or fact
for his claims.
      We think appellant made sufficient allegations to preclude dismissal of his action as frivolous
with prejudice. Onette v. Reed, 832 S.W.2d 450 (Tex. App.—Houston [1st Dist.], no writ).
      We reverse and remand this cause with instructions that Appellees be served with process,
be given opportunity to answer, and that Appellant be given a hearing on his allegations.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance and
      Chief Justice McDonald (Retired)
Reversed and remanded
Opinion delivered and filed February 12, 1997
Do not publish