NUMBER 13-00-369-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________

WILLIAM S. HOLLOWAY , Appellant,


v.

E. ANDERSON , Appellee.

___________________________________________________________________


On appeal from the 135th District Court

of De Witt County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Justice Castillo

 Appellant, William S. Holloway, proceeds pro se to appeal a De Witt County trial court's dismissal with prejudice of his
complaint against Evonne Anderson, a radiological technologist contracting with the Texas Department of Criminal Justice
- Institutional Division, Stevenson Unit. He appeals by two points of error, contending that 1) the trial court abused its
discretion by determining there was no arguable basis in law for the suit, and 2) the trial court abused its discretion by
dismissing the suit with prejudice. We modify the judgment to provide that the cause is dismissed without prejudice and
affirm as modified. Factual Summary 

Appellant filed a complaint for damages pro se on March 15, 1999 and a revised complaint for damages on October 29,
1999. He contends that the appellee burned his foot while performing an x-ray examination. Appellant seeks monetary
damages under the Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code Ann. § 101.021 et seq. (Vernon 1997). After a
hearing on appellee's motion to dismiss as frivolous, the trial court dismissed appellant's claim with prejudice pursuant to
Texas Civil Practice & Remedies Code section14.003 (Vernon Supp. 2001). 

Dismissal of Inmate's Claim as Frivolous

Chapter 14 of the Texas Civil Practice & Remedies Code governs claims which are brought by inmates without the ability
to pay litigation costs. (1) Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon Supp. 2001). A court may dismiss an
inmate's claim if the court finds that the claim is frivolous or malicious. (2) Tex. Civ. Prac. & Rem. Code Ann. §
14.003(a)(2) (Vernon Supp 2001). The trial court has broad discretion to dismiss an inmate's claim as frivolous. Jackson
v. Texas Dep't of Crim. Justice-Inst'l Div., 28 S.W.3d 811, 813 (Tex. App.- Corpus Christi 2000, pet. denied) (citing
Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.- Houston [1st Dist.] 1998, no pet.)). The proper standard of review
for frivolous claim dismissal is abuse of discretion. Jackson, 28 S.W.3d at 813 (citing Hickson v. Moya, 926 S.W.2d 397,
398 (Tex. App.- Waco 1996, no writ)). To establish abuse of discretion, an appellant must show that the trial court's action
was arbitrary or unreasonable in light of all the circumstances. Jackson, 28 S.W.3d at 813 (citing Smithson v. Cessna
Aircraft Co., 665 S.W.2d 439, 443 (Tex. 1984)). This standard is clarified by asking whether the trial court acted without
reference to any guiding rules or principles. Morrow v. H.E.B., Inc., 714 S.W.2d 297, 298 (Tex. 1986). In reviewing a
frivolous claim dismissal, we are bound to take as true the allegations in the appellant's original petition. Jackson, 28
S.W.3d at 813; Harrison v. Texas Dep't of Crim. Justice-Inst'l Div., 915 S.W.2d 882, 888 (Tex. App.- Houston [1st Dist.]
1995, no writ). 

In determining whether a claim is frivolous or malicious the court may consider whether: 1) the claim's realistic chance of
ultimate success is slight; 2) the claim has no arguable basis in law or in fact; 3) it is clear that the party cannot prove facts
in support of the claim; or 4) the claim is substantially similar to a previous claim filed by the inmate because the claim
arises from the same operative facts. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(1)-(4) (Vernon Supp. 2001); Jackson,
28 S.W.3d at 813. To determine whether the trial court properly decided that there was no arguable basis in law for the
appellant's suit, we examine the types of relief available and the causes of action that appellant pled to determine whether,
as a matter of law, the petition stated a cause of action that would authorize relief. Jackson, 28 S.W.3d at 813; Lentworth,
981 S.W.2d at 722. While we generally review the dismissal of inmate litigation under the abuse of discretion standard, the
issue whether there was an arguable basis in law is a legal question which we review de novo. Sawyer v. Texas Dep't of
Crim. Justice, 983 S.W.2d 310, 311 (Tex. App.- Houston [1stDist.] 1998, pet. denied); see In re Humphreys, 880 S.W.2d
402, 404 (Tex. 1993) (explaining that questions of law are always reviewed de novo). A complaint lacks an arguable basis
in law if it is based on an "indisputably meritless legal theory." Thompson v. West, 804 S.W.2d 575, 577 (Tex. App.-
Houston [1stDist.] 1991, writ denied) (citing Neitzke v. Williams, 490 U.S. 319, 327 (1989)). 

We evaluate pro se pleadings by standards less stringent than those applied to formal pleadings drafted by lawyers. Haines
v. Kernes, 404 U.S. 519, 520 (1972); Lentworth, 981 S.W.2d at 722. Both the trial and appellate court must review the
petition with patience and liberality to determine the merits of the complaint. Johnson v. McAdams, 781 S.W.2d 451, 452
(Tex. App.- Houston [1st Dist.] 1990, no writ). Although we liberally construe pro se pleadings, pro se litigants are still
held to the same standards as licensed attorneys. White v. Cole, 880 S.W.2d 292, 294 (Tex. App.- Beaumont 1994, writ
denied); Brown v. Texas Employment Comm'n, 801 S.W.2d 5, 8 (Tex. App.- Houston [14th Dist.] 1990, writ denied). Pro
selitigants must comply with applicable laws and procedure. (3) In re Estate of Dilasky, 972 S.W.2d 763, 766 (Tex. App.-
Corpus Christi 1998, no pet.). We will therefore construe pro se pleadings as liberally as possible without exempting
litigants from following substantive law and rules of procedure.

Further, because a trial court may dismiss an action as frivolous either before or after service of process, the trial court is
under no duty to suggest or recommend that appellant amend his pleading. White v. State, 37 S.W.3d 562, 565 (Tex. App.-
Beaumont 2001, no pet.) (chapter 14, like the prior chapter 13, does not require that an inmate suing thereunder be given an
opportunity to amend his pleadings before dismissal) (4); Hickman v. Adams, 35 S.W.3d 120, 125 (Tex. App.- Houston [14th
Dist.] 2000, no pet.); seeTex. Civ. Prac. & Rem. Code Ann. § 14.003(c) (Vernon Supp 2001).

Appellant contends that the trial court abused its discretion in dismissing his claim for lacking an arguable basis in law. In
order to determine whether the trial court properly dismissed the claim, we must review the types of relief available and the
causes of action that authorize relief. Jackson, 28 S.W.3d at 813. We must therefore examine appellant's claim de novo
under the Texas Tort Claims Act. 

Texas Tort Claims Act

Claims brought under the Texas Tort Claims Act must name as a defendant the governmental unit against which liability is
to be established. Tex. Crim. Prac. & Rem. Code Ann. §101.102(b) (Vernon 1997);Lentworth, 981 S.W.2d at 722. The
Act does not govern suits brought directly against employees of the state. Lentworth, 981 S.W.2d at 722; Harrison, 915
S.W.2d at 889-90.

Although appellant seeks to recover from the State under the Texas Tort Claims Act, he fails to name a governmental unit
as a defendant, naming only the individual allegedly responsible for his injury. For this reason, appellant clearly does not
state a claim that has an arguable basis in law. There is no relief available to him and no stated cause of action that
authorizes relief. Moreover, the trial court had no duty to suggest that appellant amend his complaint to state some other
cause of action under which he might be able to pursue relief. See White, 37 S.W.3d at 565; Hickman, 35 S.W.3d at 125. 
Appellant's first point of error is overruled.


Dismissal With Prejudice

Appellant contends in his second point of error that the trial court abused its discretion by dismissing his claim with
prejudice. Dismissal with prejudice functions as a final determination on the merits and operates as if the case had been
fully tried and decided. Hickman, 35 S.W.3d at 124; Ritchey v. Vasquez,986 S.W.2d 611, 612 (Tex. 1999). An order of
dismissal with prejudice thus has full res judicata and collateral estoppel effect, barring subsequent relitigation of the same
causes of action or issues between the same parties. Hickman, 35 S.W.3d at 124; Lentworth, 981 S.W.2d at 722; see also
McConnell v. Attorney Gen., 878 S.W.2d 281, 283 (Tex. App.- Corpus Christi 1994, no writ). Dismissal with prejudice is
proper in one of the following situations: 

(1) as a sanction for abuse of discovery under Texas Rule of Civil Procedure 215. See Lentworth, 981 S.W.2d at 722-23; 

(2) when the plaintiff fails to amend deficient pleadings when given the opportunity. Hubler v. City of Corpus Christi, 564
S.W.2d 816, 823 (Tex. App.- Corpus Christi 1978, writ ref'd n.r.e.); 

(3) for a violation of a pretrial order. Koslows v. Mackie, 796 S.W.2d 700, 704 (Tex. 1990); or

(4) on agreement of the parties. See generally Golodetz Trading Corp. v. Curland, 886 S.W.2d 503, 504-05 (Tex. App.-
Houston [1st Dist.] 1994, no writ). 

Lentworth, 981 S.W.2d at 722-23. Lastly, when a suit is barred by sovereign immunity, dismissal with prejudice for want
of jurisdiction is proper. 

 University of Tex. Med. Branch v. Hohman, 6 S.W.3d 767, 777 (Tex. App.- Houston [1st Dist.] 1999, pet. dism'd w.o.j.).

Appellant's claim does not fall under any of the categories that are appropriate for dismissal with prejudice. Lentworth at
722-23; University of Tex. Med. Branch, 6 S.W.3d at 777. Further, this court has recently ruled failure to comply with the
conditions set out in section 14.004 does not warrant dismissal with prejudice. Thomas v. Knight, No. 13-01-034-CV, 2001
Tex. App. LEXIS 4303, *7 (Tex. App.-Corpus Christi June 28, 2001, no pet. h.). Where the inmate's error could be
remedied through more specific pleading, dismissal should be made without prejudice, in order to allow the inmate the
opportunity to remedy the error. Id. 

The reason for dismissal in this case mirrors the reason for dismissal in Thomas v. Knight, and appellant's pleading mistake
are correctable. Therefore, we affirm appellant's second point of error.

Conclusion

Accordingly, we modify the judgment to provide that the cause is dismissed 

without prejudice. As modified, we affirm the judgment. 

ERRLINDA CASTILLO

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 16th day of August, 2001. 

1. Chapter 14 applies to inmates' causes of action accruing on or after June 8, 1995. Thompson v. Henderson, 927
S.W.2d 323, 324 (Tex. App.- Houston [1st Dist.] 1996, no writ) (citing Act of May 19, 1995, 74th Leg., R.S., ch. 378, §10,
1995 Tex. Gen. Laws 2921, 2927, effective June 8, 1995). Prior to June 8, 1995, Chapter 13 governed inmate litigation
in a substantially similar manner.

2. The Chapter 14 inmate litigation rule may not be modified or repealed by any regular rules of civil procedure. Tex.
Civ. Prac. & Rem. Code Ann. § 14.014 (Vernon Supp. 2001); Walker v. Gonzales County Sheriff's Dept,35 S.W.3d 157,
160 (Tex. App.- Corpus Christi 2000, no pet.).

3. Otherwise, pro se litigants would have an unfair advantage over litigants represented by counsel. Mansfield State
Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978).

4. See Johnson v. Lynaugh, 766 S.W.2d 393, 395 (Tex. App.- Tyler 1989), writ denied per curiam, 796 S.W.2d 705 (Tex.
1990) (under chapter 13 the trial court is under no duty to sua sponte suggest that appellant amend pleadings).