NO. 07-03-0335-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 20, 2004

_____

CALVIN RAY CASH, APPELLANT

V.

KELLY SUTTON, ADMINISTRATOR, NURSE ABERNATHY,
NURSE KAYS, LVN, APPELLEES

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 91,204-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellant Calvin Ray Cash, an inmate proceeding *pro se* and *in forma pauperis*,

challenges the trial court's order dismissing his claim for alleged violations of his civil rights

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.

against appellees Kelly Sutton, Nurse Abernathy, and Nurse Kays, employees of the Neal Unit of the Texas Department of Criminal Justice. We affirm.

Cash filed a complaint against the Neal Unit employees contending they violated his civil rights by withholding medical treatment for hepatitis C and other diseases. The trial court dismissed his claim as frivolous and also added that the "realistic chance of ultimate success is slight pursuant to Section 14.003(b)(1)." *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (Vernon 2002).[2]

Although Cash does not raise a point of error or an issue challenging the trial court's discretion in entering the dismissal order, he inadequately argues the State is obligated to provide medical care to inmates and that failure to do so constitutes cruel and unusual punishment.

Dismissal of a claim under chapter 14 of the Code is reviewed under an abuse of discretion standard. McCollum v. Mt. Ararat Baptist Church, 980 S.W.2d 535, 536 (Tex.App.–Houston [14th Dist.] 1998, no pet.); *see also* Hickson v. Moya, 926 S.W.2d 397, 398 (Tex.App.–Waco 1996, no writ). Abuse of discretion is determined by whether the court acted without reference to any guiding rules or principles. Downer v. Aquamarine Operators, Inc. 701 S.W.2d 238, 241-42 (Tex. 1985). The mere fact that a trial judge may

---

[2]The Court discourages trial courts from dismissing suits due to a determination that an inmate has a slight realistic chance of success. Johnson v. Lynaugh, 796 S.W.2d 705, 706 (Tex. 1990).

decide a matter within his discretionary authority in a different manner than an appellate judge does not demonstrate that an abuse of discretion has occurred. *Id*.

We recognize that a governmental entity has an "obligation to provide medical care for those whom it is punishing by incarceration." West v. Atkins, 487 U.S. 42, 56 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988), citing Estelle v. Gamble, 429 U.S. 97, S.Ct. 285, 50 L.Ed.2d 251 (1976). However, a review of the record supports the trial court's decision to conclude that Cash's claim was frivolous. The record contains numerous complaints from Cash by which he claimed he was denied necessary medication. After being investigated, the complaints were answered either by inter-office communications, grievance responses, or letters indicating that when Cash did not receive his medication it was due to his repeated refusal to follow officers' instructions. One letter notes that medication is dispensed at the "pill window" at the same time as inmates proceed to meals to better monitor traffic in the unit. Cash was advised to follow the rules within the unit as security dictates. *See* Lilly v. Northrep, 100 S.W.3d 335, 337 (Tex.App.–San Antonio 2002, pet. denied) (holding the trial court did not abuse its discretion in dismissing an inmate's claim as frivolous because the record showed his grievances were addressed and he did receive medical attention and medication). We conclude the trial court did not abuse its discretion in dismissing Cash's civil rights action and overrule his contention.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice
