# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00491-CV

**Floyd Pleasant Tarvin IV, Appellant**

**v.**

**Texas Department of Criminal Justice, Brad Livingston, Rick Thaler, Lt. Lonnie Douglas, CO. Nicole Le Blanc, Asst. Warden Thomas Pierce and RGI Cheryl Lawson, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT NO. D-1-GN-10-001100, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Floyd Pleasant Tarvin IV appeals from the trial court's judgment dismissing as frivolous his suit against appellees the Texas Department of Criminal Justice, Brad Livingston, Rick Thaler, Lt. Lonnie Douglas, Nicole Le Blanc, Warden Thomas Pierce, and Cheryl Lawson (collectively the Department). We affirm the trial court's judgment.[1]

Tarvin sued the Department, alleging it had violated his constitutional rights by restricting a friend from visiting him because the friend was a former inmate under community supervision who could not show he had his probation officer's permission to visit, despite having been allowed to visit in the past without showing permission. Tarvin argued that because the

---

[1] The facts and procedural background of the cause are well-known to the parties, and we therefore will not recite them in great detail in this opinion. *See* Tex. R. App. P. 47.1 (appellate court opinions should be as "brief as practicable"), 47.4 (memorandum opinions should be "no longer than necessary to advise the parties of the court's decision and the basic reasons for it").

Department's inmate visitation manual included a specific rule governing family members who were ex-offenders but not ex-offender friends, the Department violated his rights to assembly and free speech by limiting his friend's visitation. The Department filed a motion to dismiss the suit as frivolous, asserting that Tarvin's claim lacked a basis in law because the Department's decision to restrict inmate visitation does not improperly violate Tarvin's rights.[2] *See* Tex. Civ. Prac. & Rem. Code § 14.003. The trial court held a hearing, in which Tarvin participated via telephone, and granted the Department's motion, dismissing Tarvin's suit as frivolous.

On appeal, Tarvin argues that the trial court erred in dismissing the suit because it did not apply a four-prong test set out in *Turner v. Safley*, 482 U.S. 78 (1987), which governs when and how an inmate's constitutional rights may be restricted. We disagree.

Under chapter 14, a trial court may dismiss a frivolous lawsuit filed by an inmate proceeding as an indigent. *See* Tex. Civ. Prac. & Rem. Code § 14.003(a). A claim is frivolous if it lacks an arguable basis in law or fact.[3] *See id.* § 14.003(b); *Leachman v. Dretke*, 261 S.W.3d 297, 303-04 (Tex. App.—Fort Worth 2008, no pet.). A prison regulation may restrict an inmate's

---

[2] The Department also alleged that Tarvin had not complied with chapter 14 because he had not listed all of the other lawsuits he had filed or filed a statement showing he had availed himself of the grievance process. *See* Tex. Civ. Prac. & Rem. Code §§ 14.004, .005(a). However, at the hearing, Tarvin disputed those allegations, and in granting the Department's motion, the trial court stated it was not concerned about the technical arguments and was instead granting the motion based on the Department's substantive argument.

[3] Under section 14.003(b), a claim is frivolous if there is but a slight realistic chance of ultimate success, it lacks an arguable basis in law or fact, the party cannot prove facts to support his claim, or the claim is substantially similar to and arises out of the same facts as a previous claim filed by the inmate. *Id.* § 14.003(b). However, the supreme court has cast doubt on whether a court may dismiss a claim on grounds other than its lack of an arguable basis in law or fact. *See Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex. 1990). We will therefore restrict our review to that ground.

constitutional rights if it is reasonable when considered in light of the following factors: whether there is a valid, rational connection between the regulation and a legitimate governmental interest; whether there are other means for the inmate to exercise his right; what effect it would have on the prison and other inmates to accommodate the right; and whether there are any "ready alternatives" to the regulation. *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (citing *Turner*, 482 U.S. at 89-91).

As noted by the trial court, the Department has a legitimate and important interest in maintaining security within prisons and deterring future crime. *See id.* at 133-34. Limiting or even prohibiting visitation between current and former inmates has a "self-evident connection" to those interests. *See id.* The Department's policy to restrict visitation when an ex-offender, whether friend or family, lacks permission from his or her probation officer does not place a severe or insurmountable restriction on the rights of either the inmate or the would-be visitor, and that restriction is closely tailored to maintain prison security and, hopefully, deter future crime. *See id.*; *see also Bell v. Wolfish*, 441 U.S. 520, 546-47 (1979) (prison security, order, and discipline "are essential goals that may require limitations or retraction of" inmates' constitutional rights); *Thorne v. Jones*, 765 F.2d 1270, 1275 (5th Cir. 1985) ("Security-related decisions of prison officials are to be reviewed only for their reasonableness; if the decisions are rational (an exceedingly undemanding standard), courts are to look no further."). Suspending the regulation for Tarvin's friend could have a ripple effect to other inmates, and there was no discussion at the hearing of any alternatives to requiring a probation officer's permission. *See Turner*, 482 U.S. at 89-91. We hold that when viewed in light of the *Turner* factors, the regulation is reasonable when weighed against the interests that justify it. *See id.*

3

Because Tarvin's claim lacks an arguable basis in law, the trial court properly determined the claim was frivolous.[4]  *See* Tex. Civ. Prac. & Rem. Code § 14.003(b)(2).  Thus, the trial court did not err in granting the Department's motion to dismiss.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin and Field

Affirmed

Filed:   June 26, 2013

---

[4] Tarvin also argues that the court erred because it did not obtain a full copy of the Department's visitation manual before the hearing.  However, the parties agreed at the hearing that the manual includes a rule governing visitation by ex-offender family members but not related to visitation by ex-offender friends, and the trial court viewed the portion of the manual that includes the rule governing family members. We do not see what more could have been gained had the court had a complete manual prior to or during the hearing.