

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00151-CV

———————————————

ANDREW COLBY LIVINGSTON, Appellant

V.

CLINTON L. SHAFFER, Appellee

On Appeal from the County Court at Law
Cooke County, Texas
Trial Court No. CV2101981

Before Bassel, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Andrew Colby Livingston appeals the trial court's order granting Appellee Clinton Shaffer's motion to dismiss Livingston's fraud cause of action pursuant to Section 13.001 of the Texas Civil Practice and Remedies Code. We will affirm.

## I. BACKGROUND

In May 2021, Livingston, acting pro se,[1] sued Shaffer for fraud.[2] Along with his petition, Livingston filed an affidavit of inability to pay court costs. *See generally* Tex. R. Civ. P. 145.

In his petition, Livingston recited the following facts in support of his claim:

On April 27[], 2017[,] . . . Shaffer took possession of Plaintiff's belongings by moving Plaintiff's items out of his (Plaintiff's) apartment. This can be verified via the Clerk's Record for Cause No. CR17-00284 in the 235th District Court as an "Affidavit for Search Warrant" No. 17-016 issued by judge Janelle Haverkamp on the 26th day of April, 2017 and is clerk stamped by Melissa Gann on May 1[], 2017[,] at 4:39 PM. When that search was executed, . . . Shaffer was at Plaintiff's residence . . . and had taken possession of Plaintiff's property[,] which was all of the items from Plaintiff's apartment. Police reports from when said warrant was executed do indicate that [Shaffer] had loaded Plaintiff's property onto [Shaffer's] truck and trailer. Later, . . . Shaffer testified under oath that he had told Plaintiff that he would hold on to Plaintiff's property. . . . Shaffer did also testify that he had lied to

---

[1]Livingston was incarcerated at the time he filed suit and is currently serving a life sentence in the Texas Department of Criminal Justice unit located in Lamesa, Texas.

[2]In his original petition, Livingston labels his cause of action as "[f]raud by [d]eception and/or [m]isrepresentation."

Plaintiff about holding on to Plaintiff's belongings. . . . Shaffer also admits to disposing of Plaintiff's camper trailer and truck.

Plaintiff lost around one-hundred-thousand-dollars [sic] due to [Shaffer's] fraudul[e]nt actions. Plaintiff was harmed by [Shaffer's] actions and false/fraudul[e]nt statements. Plaintiff was deceived by [Shaffer's] false statements.

Moreover, Plaintiff had made his mother . . . his Power of Attorney[,] and . . . Shaffer refused to allow [her] access to Plaintiff's belongings.

In addition, Livingston's petition described his cause of action as follows:

Shaffer committed the act of fraud by lying to the Plaintiff about his intentions as to how he would handle Plaintiff's property. More[] specifically, . . . Shaffer told Plaintiff that he would 'hold on' to Plaintiff's property when he had no intention to do so as [Shaffer] has already admitted while under oath in court.

In March 2022, Shaffer filed a motion to dismiss the lawsuit pursuant to Section 13.001 of the Texas Civil Practice and Remedies Code on the grounds that it has no basis in law or fact.[3] The trial court granted Shaffer's motion and signed an

---

[3]Although Livingston has not raised this issue, we note that because Livingston was incarcerated, Shaffer should have filed his motion to dismiss pursuant to Chapter 14, not Chapter 13, of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code §§ 13.004, 14.002(a). Because Shaffer filed his motion under Section 13.001, we frame our analysis under Chapter 13. However, because the two statutes are counterparts and contain essentially identical provisions authorizing a trial court to dismiss a lawsuit as frivolous on the grounds that it has no arguable basis in law or fact, our analysis would be the same under either chapter. *Compare id.* § 13.001(a)(2), (b)(2), *with id.* § 14.003(a)(2), (b)(2). *See West v. Robinson*, 486 S.W.3d 669, 672 (Tex. App.—Amarillo 2016, pet. denied) (discussing the relationship between Chapters 13 and 14 and concluding that trial court's mistaken reference to Chapter 14 instead of Chapter 13 in order dismissing lawsuit as frivolous was "of no moment" "because there is effectively no difference in the two statutes' descriptions of the court's inquiry").

3

order dismissing the lawsuit "for failure to state a cause of action." This appeal followed.

## II. DISCUSSION

On appeal, Livingston raises two issues. First, he argues that the trial court erred by dismissing his fraud lawsuit under Section 13.001 because, notwithstanding the trial court's determination, he "did state a cause of action in his original petition." Second, he argues that the trial court abused its discretion by dismissing his lawsuit without first giving him the opportunity to amend his petition. These arguments are without merit.

### A. DISMISSAL UNDER SECTION 13.001

Section 13.001 of the Texas Civil Practice and Remedies Code authorizes a trial court to dismiss a cause of action in which the plaintiff has filed an affidavit of inability to pay court costs if it finds that either "the allegation of poverty in the affidavit is false" or "the action is frivolous or malicious." Tex. Civ. Prac. & Rem. Code Ann. § 13.001(a). In determining whether an action is frivolous or malicious, the court may consider, inter alia,[4] whether "the claim has no arguable basis in law or

---

[4]The statute provides that the court may also consider whether "the action's realistic chance of success is slight" or whether "it is clear that the party cannot prove a set of facts in support of the claim." Tex. Civ. Prac. & Rem. Code Ann. § 13.001(b)(1), (3). However, the Texas Supreme Court has discouraged reliance on these grounds for dismissal. *See Brown v. Lynaugh*, 817 S.W.2d 813, 814 (Tex. App.—Houston [1st Dist.] 1991, no writ) (citing *Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990)). Because Shaffer's motion expressly sought dismissal on the grounds

4

in fact." *Id.* § 13.001(b)(2). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *DeVoll v. Demonbreun*, No. 04-14-00116-CV, 2014 WL 7440314, at \*1 (Tex. App.—San Antonio Dec. 31, 2014, no pet.) (quoting Tex. R. Civ. P. 91a.1). "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.*

A trial court has broad discretion to determine whether to dismiss a lawsuit pursuant to Section 13.001. *Brown*, 817 S.W.2d at 815; *Thompson v. West*, 804 S.W.2d 575, 576 (Tex. App.—Houston [14th Dist.] 1991, writ denied); *Johnson v. Lynaugh*, 766 S.W.2d 393, 394 (Tex. App.—Tyler 1989), *writ denied*, 796 S.W.2d 705 (Tex. 1990). Thus, we will not reverse a trial court's order of dismissal under Section 13.001 absent a clear abuse of discretion. *See Brown*, 817 S.W.2d at 815; *see also Black v. Jackson*, 82 S.W.3d 44, 49–50 (Tex. App.—Tyler 2002, no pet.) (providing that standard of review of dismissal under Section 13.001 is abuse of discretion).

To prevail on a cause of action for fraud, a plaintiff must prove

(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

---

that Livingston's cause of action had no basis in law or fact, we need not address the viability of the alternate grounds for dismissal set forth in Section 13.001(b)(1) and (3).

*Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011) (quoting *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009)).

A review of Livingston's petition reveals that the allegations therein together with the inferences reasonably drawn from them, even if taken as true, are insufficient to establish all of the elements of fraud. The only representation Livingston alleges Shaffer made was his statement that he "would hold on to [Livingston's] property." While a false promise of future performance may be actionable as a false representation, the plaintiff must show that the promise was sufficiently certain and of the type that a person could reasonably and justifiably rely on. *See Gilmartin v. KVTV-Channel 13*, 985 S.W.2d 553, 558 (Tex. App.—San Antonio 1998, no pet.). An illusory promise will not give rise to a cause of action for fraud. *See Sawyer v. E.I. DuPont De Nemours & Co.*, 430 S.W.3d 396, 400 (Tex. 2014). Here, Shaffer's vague statement that he would "hold on" to Livingston's property is not sufficiently certain to support a fraud cause of action. It is unclear what exactly Shaffer meant when he allegedly said that he would "hold on" to Livingston's property or for how long he would "hold on" to it. Moreover, Livingston does not allege that Shaffer intended Livingston to act upon his representation or that Livingston did, in fact, act in reliance upon it. Indeed, because Livingston's petition does not make clear exactly when or under what circumstances Shaffer made the representation, it is impossible to infer Shaffer's intent that Livingston would rely on it or that Livingston actually did so.

6

Thus, Livingston's cause of action has "no arguable basis in law," and consequently, we cannot conclude that the trial court abused its discretion by dismissing Livingston's lawsuit under Section 13.001. Tex. Civ. Prac. & Rem. Code Ann. § 13.001(b)(2).

We overrule Livingston's first issue.

## B. OPPORTUNITY TO AMEND

In his second issue, Livingston asserts that the trial court abused its discretion by dismissing his lawsuit without first giving him an opportunity to amend his petition. However, the trial court was not required to allow Livingston to amend his petition before dismissing his lawsuit under Section 13.001.[5] *See Kendrick v. Lynaugh*, 804 S.W.2d 153, 156 (Tex. App.—Houston [14th Dist.] 1990, no writ); *Peterson*, 799 S.W.2d at 347; *Johnson*, 766 S.W.2d at 395. Thus, we find no abuse of discretion.

---

[5]Livingston cites *County of Cameron v. Brown*, 80 S.W.3d 549, 559 (Tex. 2002), and *KSNG Architects, Inc. v. Beasley*, 109 S.W.3d 894, 898 (Tex. App.—Dallas 2003, no pet.), for the proposition that a trial court must afford a party who filed a defective pleading an opportunity to cure the defect by repleading. However, these cases concern special exceptions and pleas in abatement, not motions to dismiss under Section 13.001 and are therefore distinguishable. *See Brown*, 80 S.W.3d at 559 (addressing special exceptions); *KSNG Architects*, 109 S.W.3d at 898 (discussing pleas in abatement and special exceptions). Livingston cites no caselaw requiring a trial court to grant a plaintiff leave to amend before dismissing a suit under Section 13.001. Moreover, one of our sister courts has expressly rejected the argument that a trial court's failure to provide a plaintiff an opportunity to amend its petition before dismissing a lawsuit under Section 13.001 constitutes reversible error even where the movant has filed special exceptions along with its motion to dismiss because the trial court's dismissal power under Section 13.001 takes precedence over the rules applicable to special exceptions. *See Johnson v. Peterson*, 799 S.W.2d 345, 347 (Tex. App.—Houston [14th Dist.] 1990, no writ).

We overrule Livingston's second issue.

### III. CONCLUSION

Having overruled both of Livingston's issues, we affirm the trial court's judgment.[6]

/s/ Brian Walker

Brian Walker
Justice

Delivered: February 9, 2023

---

[6]In October 2022, Livingston filed a motion for default judgment in this court pursuant to Rule 239 of the Texas Rules of Civil Procedure. Because Rule 239 is inapplicable to proceedings in this court, we deny Livingston's motion. *See* Tex. R. Civ. P. 2 ("These rules shall govern the procedure in the justice, county, and district courts of the State of Texas . . . .").