In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-336 CV


____________________



BRUCE WAYNE HOUSER, Appellant



V.



HELEN R. BLUITT, ET AL, Appellees






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. D-172,902






MEMORANDUM OPINION


 Bruce Wayne Houser, an inmate confined in the Texas Department of Criminal
Justice--Institutional Division (TDCJ), appeals from the dismissal and final judgment of his
pro se, in forma pauperis lawsuit against TDCJ and TDCJ employees Vickie Barrow and
Clarence Mosely, Jr. (1) The trial court granted a partial motion to dismiss as frivolous under
the provisions of Chapter 14 of the Texas Civil Practice and Remedies Code as to some of
Houser's claims, and also granted summary judgment resulting in dismissal of the remaining
claims. Tex. Civ. Prac. & Rem. Code Ann. §§ 14.00 -.014 (Vernon 2002) (Chapter 14);
Tex. R. Civ. P. 166a(c). We affirm. 

 The record before us indicates that Houser's access to legal research materials was
suspended for a period of sixty days, from March 27, 2004 to May 27, 2004, for having
damaged a TDCJ offender grievance manual, after having done so once previously. Denying
the allegation, Houser proceeded through the mandatory administrative grievance process but
without success. He then filed the instant suit in state district court, seeking relief under Tex.
Const. art. I, §§ 13, 19; 42 U.S.C.A. § 1983 (West 2003), and Tex. Civ. Prac. & Rem.
Code Ann. §§ 101.001-.109 (Vernon 2005 & Supp. 2006) ("Texas Tort Claims Act"). 
Under a protean (2) depiction of the "facts," Houser's petition appears to set out causes of
action for improper denial of access to the courts and retaliation. Appellees were sued in
both their official and individual capacities. Houser also sought injunctive relief and
damages in excess of fifty thousand dollars. TDCJ, Barrow, and Mosely timely filed their
answer. Barrow and Mosely jointly filed a motion for summary judgment. Thereafter,
TDCJ, Barrow, and Mosely jointly moved for partial dismissal of Houser's suit as frivolous
under provisions of Chapter 14. A hearing on both motions was held, with Houser
participating via telephone. The record contains no reporter's record from this hearing. 
Thereafter, the trial court sent a letter to all parties advising them of its decision regarding
the partial dismissal and summary judgment motions. This decision was eventually handed
down as the trial court's final judgment, rendered on July 13, 2005. From this judgment,
Houser appeals.

 We review the district court's grant of summary judgment de novo. Provident Life
& Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). Summary judgment is
proper if the moving party demonstrates the absence of a genuine issue of material fact, a
showing which entitles the movant to summary judgment as a matter of law. Tex. R. Civ.
P. 166a(c); Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). If the
movant produces evidence indicating entitlement to summary judgment as a matter of law,
the nonmovant must then direct the court's attention to evidence in the record sufficient to
establish the existence of a genuine issue of material fact for trial. See Walker v. Harris, 924
S.W.2d 375, 377 (Tex. 1996); Black v. Victoria Lloyds Ins. Co., 797 S.W.2d 20, 27 (Tex.
1990). In this analysis, we review the facts and draw all inferences most favorable to the
nonmovant. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). However,
mere conclusory allegations are not competent summary judgment evidence, and such
allegations are insufficient, therefore, to defeat a summary judgment motion. See Wadewitz
v. Montgomery, 951 S.W.2d 464, 466 (Tex. 1997); 1001 McKinney Ltd. v. Credit Suisse First
Boston Mortg. Capital, 192 S.W.3d 20, 27 (Tex. App.--Houston [14th Dist.] 2005, pet.
denied).

 Under Chapter 14, a trial court may dismiss a claim if the court finds that the claim
is frivolous. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2). Section 14.003(b) lists
four factors that the trial court may consider when determining whether an action is frivolous,
including whether the claim has no arguable basis in law or in fact. Id. § 14.003(b)(2). We
review dismissal of suits under Chapter 14 for abuse of discretion. See Hines v. Massey, 79
S.W.3d 269, 271 (Tex. App.--Beaumont 2002, no pet.). To establish an abuse of discretion,
an appellant must show the trial court's actions were arbitrary or unreasonable in light of all
the circumstances. Jackson v. Tex. Dep't of Crim. Justice-Inst. Div., 28 S.W.3d 811, 813
(Tex. App.--Corpus Christi 2000, pet. denied). Furthermore, it is firmly established that pro
se litigants must comply with applicable laws and rules of procedure. See Pena v. McDowell,
201 S.W.3d 665, 667 (Tex. 2006); Wheeler v. Green, 157 S.W.3d 439, 444 (Tex. 2005);
Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978). 

 Barrow and Mosely moved for a traditional summary judgment. Tex. R. Civ. P.
166a(c). In Texas, summary judgment is used "to eliminate patently unmeritorious claims
and untenable defenses." Casso v. Brand, 776 S.W.2d 551, 556 (Tex. 1989). In a similar
vein, Chapter 14 was promulgated "to control the flood of frivolous lawsuits being filed in
the courts of this State by prison inmates, consuming valuable judicial resources with little
offsetting benefit." Hickson v. Moya, 926 S.W.2d 397, 399 (Tex. App.--Waco 1996, no
writ). TDCJ joined Barrow and Mosely in moving for partial dismissal of Houser's claims
as frivolous under Chapter 14. 

 At the outset, we find no abuse of discretion by the trial court in granting summary
judgment and partial dismissal of all of Houser's claims based on alleged violations of the
Texas Constitution, article I, section 13 (open courts) and section 19 (due course of law). 
With regard to the open courts clause, even assuming arguendo that it affords a plaintiff a
private right of action for damages, see City of Beaumont v. Bouillion, 896 S.W.2d 143, 148-49 (Tex. 1995) (holding that not every provision of the Texas Constitution grants one a
private right of action for damages), it has been held that the clause applies only to statutory
restrictions upon a legitimate common law cause of action. See Federal Sign v. Texas S.
Univ., 951 S.W.2d 401, 410 (Tex. 1997).

 Houser fares no better in seeking damages under the "due course of law" clause as we
agree with our sister courts that this clause provides no private cause of action for damages. 
See Patel v. City of Everman, 179 S.W.3d 1, 13 (Tex. App.--Tyler 2004, pet. denied);
Securtec, Inc. v. County of Gregg, 106 S.W.3d 803, 816 (Tex. App.--Texarkana 2003, pet.
denied); Nueces County v. Ferguson, 97 S.W.3d 205, 221-22 (Tex. App.--Corpus Christi
2002, no pet.); Tex. A&M Sys. v. Luxemburg, 93 S.W.3d 410, 425 (Tex. App.--Houston [14th
Dist.] 2002, pet. denied); Univ. of Tex. Sys. v. Courtney, 946 S.W.2d 464, 469 (Tex. App.-
-Fort Worth 1997, writ denied). Dismissal as frivolous under Chapter 14 (claim having no
arguable basis in law) and summary judgment (entitled to judgment as a matter of law)
favorable to appellees were both appropriate by the trial court as to Houser's claims based
on alleged violations of the Texas Constitution.

 We also find no error by the trial court in disposing of Houser's claims filed pursuant
to the Texas Tort Claims Act. Both the retaliation and denial of access to courts claims are
alleged by Houser to have involved intentional acts or omissions by the defendants. Section
101.057 of the act expressly provides that sovereign immunity is not waived as to claims
arising out of intentional torts. See Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2)
(Vernon 2005); see also Harris County, Texas v. Cabazos, 177 S.W.3d 105, 111-12 (Tex.
App.--Houston [1st Dist.] 2005, no pet.). Thus, both the Chapter 14 dismissal and summary
judgment were proper in favor of appellees for Houser's claims filed pursuant to the Texas
Tort Claims Act. We now turn to the claims subject to 42 U.S.C.A. § 1983.

 42 U.S.C.A. § 1983 provides, in pertinent part, as follows:

 Every person who, under color of any statute, ordinance, regulation, custom,
or usage, of any State or Territory . . . subjects, or causes to be subjected, any
citizen of the United States or other person within the jurisdiction thereof to
the deprivation of any rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party injured in an action at law,
suit in equity, or other proper proceeding for redress . . . . 

In Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d
45 (1989), the Supreme Court held that it was not the intent of the United States Congress
in promulgating section 1983 to subject either a state or state official acting in his/her official
capacity to suit in state courts for "official violation of federally protected rights." See id.
at 64-68. As such, neither a state nor a state official acting in an official capacity is
considered a "person" under the provisions of section 1983. Id. at 71; see also Tex. Dep't
of Pub. Safety v. Petta, 44 S.W.3d 575, 581 (Tex. 2001). In the instant case, we read
Houser's retaliation and deprivation of access to courts actions as alleging a violation of his
due process and equal protection rights. Based upon the holding in Will, TDCJ was entitled
to dismissal of Houser's section 1983 claim as frivolous under Chapter 14. Barrow and
Mosely, in their official capacities, were also entitled to dismissal under Chapter 14 and
further entitled to summary judgment on Houser's section 1983 claim as a matter of law. 

 As for Houser's section 1983 claim against Barrow and Mosely in their individual
capacities, the doctrine of qualified immunity shields an official performing discretionary
functions from liability for civil damages under section 1983, provided the official's conduct
does not violate clearly established constitutional or statutory rights of which a reasonable
person would have been aware. See Harlow v. Fitzgerald, 457 U.S. 800, 817-18, 102 S.Ct.
2727, 73 L.Ed.2d 396 (1982). In the instant case, it is undisputed that Barrow and Mosely
were working in their official positions with TDCJ at all times pertinent to Houser's section
1983 claims. 

 With regard to his right of access action, Houser was required to identify in his
petition the"nonfrivolous," "arguable" underlying claim, either a litigating opportunity yet
to be gained or an opportunity already lost, sufficient to provide the appellees fair notice, and
was also required to describe the official acts frustrating the underlying litigation. See
Christopher v. Harbury, 536 U.S. 403, 414-15, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). 
Houser's access-to-courts pleading failed to sufficiently describe the underlying action, and
its lost remedy, that was frustrated by the official acts of either Barrow or Mosely. See id.
at 416-17. Houser was required to state the underlying frustrated action in accordance with
Tex. R. Civ. P. 47, "just as if it were being independently pursued," and any such pleading
"should describe any remedy available under the access claim and presently unique to it." 
Id. at 417-18. 

 Additionally, under a section 1983 action, when a governmental official asserts the
affirmative defense of qualified immunity, the burden shifts to the plaintiff to show that the
defendant's conduct violated clearly established statutory or constitutional rights of which
a reasonable person would have been aware. See Cousin v. Small, 325 F.3d 627, 632 (5th
Cir. 2003); Beck v. Tex. State Bd. of Dental Exam'rs, 204 F.3d 629, 633-34 (5th Cir. 2000);
Whatley v. Philo, 817 F.2d 19, 20 (5th Cir. 1987). (3) Barrow and Mosely asserted qualified
immunity and provided summary judgment evidence of a TDCJ library access procedure for
inmates as well as a "law book theft or destruction" disciplinary policy in effect at the time
Houser's library privileges were suspended. They also provided copies of the report of
Houser's violation and the notice to him of his suspension from access to legal research
material. We find that Houser failed in his burden to provide competent summary judgment
evidence showing what conduct by either Barrow or Mosely deprived him of a reasonably
adequate opportunity to present claimed violations of fundamental constitutional rights to the
courts, and that any alleged deprivation of opportunity resulted, or would result, in actual
harm. See Lewis v. Casey, 518 U.S. 343, 349-51, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). 
 With regard to his retaliation action, Houser's pleading alleged intentional conduct
on the part of appellees in "a very illegal criminal conspiracy to unlawfully retaliate" in an
attempt to hinder Houser in pursuit of a pending lawsuit he filed against prison employees. (4) 
It is a criminal offense for an employee of a correctional facility to intentionally deny or
impede a person in custody in the exercise of any right, privilege, or immunity, knowing his
conduct is unlawful. See Tex. Pen. Code Ann. § 39.04(a)(1) (Vernon 2003). The penal
code, however, does not create private causes of action and a victim does not have standing
to participate as a party in a criminal proceeding. See Tex. Const. art. I, § 30(e); Tex. Code
Crim. Proc. Ann. art. 56.02(d) (Vernon Supp. 2005). Nevertheless, prison officials may not
retaliate against a prisoner for availing himself of the courts or attempting to defend his
constitutional rights. See Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995). A retaliation
action under section 1983 requires an inmate to show the invocation of a specific
constitutional right, the defendant's intent to retaliate against the inmate for his exercise of
that right, a retaliatory adverse act, and causation, i.e., but for the retaliatory motive the
complained-of incident would not have occurred. Johnson v. Rodriguez, 110 F.3d 299, 310
(5th Cir. 1997)(citing Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995)). In the instant
case, Houser was required to allege the violation of a specific constitutional right and
establish that but for the retaliatory motive the complained-of incident (suspension of
Houser's library privileges) would not have occurred. See Woods, 60 F.3d at 1166. As
pointed out by the Court in Woods:

 This places a significant burden on the inmate. Mere conclusionary allegations
of retaliation will not withstand a summary judgment challenge. The inmate
must produce direct evidence of motivation or, the more probable scenario,
"allege a chronology of events from which retaliation may plausibly be
inferred." Although we decline to hold as a matter of law that a legitimate
prison disciplinary report is an absolute bar to a retaliation claim, the existence
of same, properly viewed, is probative and potent summary judgment
evidence, as would be evidence of the number, nature, and disposition of prior
retaliation complaints by the inmate.


Id. (footnotes omitted). See also Thomas v. Collins, 960 S.W.2d 106, 111 n.5 (Tex. App.-
-Houston [1st Dist.] 1997, pet. denied). As noted above, the record contains the papers
documenting Houser's violation of the library access rules for inmates, and Houser's denial
of the charge. Houser provided a confusing "chronology" of allegedly retaliatory events, and
further contended that the lawsuit that was pending in state district court in Jefferson County
was the main motive. However, Houser's chronology and the pending state litigation involve
defendants Helen Bluitt and Kent Allen who were not served by Houser and are not part of
this appeal. Houser provides no competent direct summary judgment evidence of retaliatory
motivation on the part of either Barrow or Mosely. We find, therefore, that the trial court did
not abuse its discretion in dismissing the section 1983 access to courts and retaliation actions
as frivolous under Chapter 14, and in granting summary judgment on said actions in favor
of Barrow and Mosely in their individual capacities. 

 We do not address Houser's final issue complaining of the denial of injunctive relief
as the record indicates only one of the three applications for such relief pertains to the
confiscation of the storage locker mentioned in Issue 22. As for the pertinent injunctive
request, the record does not reflect that Houser filed any grievance in connection with this
complaint, although the record does contain grievances filed on other issues. Section 14.005
requires that a grievance be filed, and for the grievance procedures to be exhausted, before
an inmate may file such a claim in a court of law. Tex. Civ. Prac. & Rem. Code Ann. §
14.005 (Vernon 2003); Smith v. Tex. Dep't of Criminal Justice - Inst'l Div., 33 S.W.3d 338,
341 (Tex. App.--Texarkana 2000, pet. denied); see also Tex. Gov't Code Ann. § 501.008(d)
(Vernon 2004). 

 As we have found no abuse of discretion by the trial court in disposing of all of
Houser's claims in the manner discussed, we overrule the appellate issues presented and
affirm the dismissal and final judgment of the trial court. 

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice


Submitted on May 24, 2006

Opinion Delivered November 30, 2006



Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Two other named defendants, and TDCJ employees, Helen R. Bluitt and Kent R. Allen,
were not served and made no appearance in this cause. Nevertheless, we have jurisdiction to
review the appeal as Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a) (Vernon 2002), under
which the trial court dismissed Houser's claims, provides that a court may dismiss a claim "either
before or after service of process." See also Onnette v. Reed, 832 S.W.2d 450, 451 n.2 (Tex.
App.--Houston [1st Dist.] 1992, no writ). Additionally, the judgment plainly indicates the trial
court intended to dispose of all parties and all issues and be a "final judgment." See Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001). 
2. Upon reading the facts and circumstances alleged by Houser, it is not entirely clear if
"denial of access to courts" merely serves as an element of his retaliation allegation or as an
independent cause of action in its own right. For the sake of clarity, we will treat the two
allegations as separate causes of action. 
3. Such a "burden of proof" requirement is held to be substantive federal law, not merely
procedural, and, therefore, applicable to a federal statutory cause of action litigated in state court. 
See Am. Dredging Co. v. Miller, 510 U.S. 443, 454, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994).
4. As negligent conduct is not actionable as a violation of the United States Constitution,
Houser was left to plead intentional conduct in his section 1983 actions. See Daniels v. Williams,
474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (refusing to recognize constitutional
torts sounding in negligence).