Affirmed in
Part; Reversed and Remanded in Part; and Memorandum Opinion filed April 12,
2011.

 

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00279-CV



Dick W. Gray, Appellant 

v.

Bobby R.
Purvis, Juan Jackson, Jr., and David A. Turrubiarte, Appellees



On Appeal from
the 412th District Court

Brazoria County, Texas

Trial Court
Cause No. 56367



 

MEMORANDUM OPINION 

Dick W. Gray appeals from the trial court’s dismissal
of his lawsuit against appellees, Bobby R. Purvis, Juan Jackson, Jr., and David
A. Turrubiarte.  The trial court dismissed Gray’s lawsuit, a pro se
inmate lawsuit governed by chapter 14 of the Texas Civil Practice and Remedies
Code, as frivolous.  We affirm in part and reverse and remand in part.

I.  Background

            Gray is an inmate
at the Texas Department of Criminal Justice Ramsey Unit in Rosharon, Texas.  In
his original petition, Gray alleged that defendant/appellee Purvis is the
captain of correctional officers at the unit, defendant/appellee Jackson is the
major of correctional officers at the unit, and defendant/appellee Turrubiarte
is an assistant warden at the facility.  According to Gray, in the 18-24 months
prior to the incident giving rise to this lawsuit, he had been receiving
“medical treatment for chronic weakness, fatigue, vertigo, and equilibrium
problems.”  Because of this, he was “medically prohibited from prolonged
standing, climbing stairs, etcetera,” and was “issued a cane to assist with
balance when walking.”

            Further according
to Gray, prior to October 2009, Purvis had instituted a policy requiring all
inmate traffic in a certain location to move in a particular direction and
enter the “main building” only via a breezeway.  Neither the entrance to the
breezeway nor the entrance from the breezeway into the building has a ramp for
access by handicapped inmates.  The breezeway entrance requires inmates to
negotiate a 6-8 inch step, and the entrance to the building was by way of five
8-inch steps.  Gray further represented that the policy implemented by Purvis
provided no exception for inmates using canes or crutches.

            Gray contends
that during lunchtime on October 1, 2009, the one-way traffic policy was in
effect, and in addition, Purvis had officers searching each inmate as the
inmates were entering the main building from the breezeway.  Apparently, this resulted
in a back-up which caused Gray to have to wait for about 45 minutes, “standing
the whole time in the heat, direct sunlight and on his cane.”  Upon being ordered
into the building, Gray states that he lost his balance when attempting the
first step, falling and breaking a bone in his leg.  Gray was removed from the
scene in a wheel chair and was still under treatment for the broken leg at the
time of this filing of the lawsuit in February 2010.

            Further in his
petition, Gray asserted that on October 2, Senior Warden K. Reagans modified
the one-way traffic policy to allow inmates using canes and crutches to enter
the main building through an entrance equipped with a ramp.  However, on
October 3, Gray contends that defendant/appellee Jackson prevented inmates
using canes and crutches from using the ramp and instead required them to
continue using the breezeway.  This group included Gray, who was then on crutches
because of his broken leg.

            Based on these
events, Gray filed two grievances, a “Step 1” grievance in October 2009 and a “Step
2” grievance in November 2009.  In his Step 1 grievance, Gray requested the
following action:  “I request adequate provision for infirm and handicapped
offenders be provided and/or adhered to.  I request adequate and proper medical
care for my injury.  I request to suffer NO retaliation for filing this
grievance.”

            In his Step 2
grievance, Gray gave the following reasons for appealing the response to his
first grievance:

The Step-1 grievance answer completely and utterly ignores
the root problem presented, i.e., the custom, practice and policies implemented
by the Ramsey officials were the proximate cause of my being injured. Further,
the Step-1 grievance answer ignores the issue of the design of the Ramsey unit
not being compatible with the custom, practice and policies implemented by the
Ramsey officials, or, the issue of myself and other offenders on canes and
crutches being forced to climb stairs into and out of the “breezeway.”

Defendant/appellee Turrubiarte responded to the first
grievance, and a different prison official, who was not implicated in Gray’s
lawsuit, responded to the second grievance.  It appears from the grievance
forms that only Gray’s medical complaints were addressed, and that his
complaints regarding the ramp design and the one-way traffic policy were not
addressed.

            Gray then filed
suit against Purvis, Jackson, and Turrubiarte in their individual capacities.  In
his petition, Gray stated that the action was brought under chapter 37 of the 

Civil Practice and Remedies
Code (the Uniform Declaratory Judgments Act) and 42 U.S.C. § 1983 (establishing
a private right of action for violations of an individual’s federally
guaranteed rights).

He specifically raised two sets of claims.  In the
first, he asserted that all three appellees committed acts amounting to cruel
and unusual punishment, which is prohibited by the Eighth Amendment to the
United States Constitution and Article 1, § 13 of the Texas Constitution. 
Specifically, he alleged that appellees failed to protect him and acted with
deliberate indifference to his serious medical condition, which resulted in his
being injured.

            In his second set
of claims, Gray maintained that Turrubiarte denied him adequate redress of his
grievances, as guaranteed by the First Amendment to the United States
Constitution and by Article 1, § 27 of the Texas Constitution.  He contends
Turrubiarte failed to properly address and correct the issues he raised in his
Step 1 grievance.

            On the same day
that he filed his petition with the court below, February 23, 2010, Gray also
filed a number of other documents, including a series of affidavits.  He filed
an affidavit indicating that he had exhausted his administrative remedies.  He
filed another affidavit stating that he was unable to pay costs of court.  And
he filed a third affidavit, as required under section 14.004 of the Civil
Practice and Remedies Code, explaining that he had not filed any prior lawsuits. 
Lastly, Gray filed a request for the clerk of the court to execute service of
citation on the defendants named in the petition.

            On February 26,
2010, the trial court entered an order of dismissal, stating simply that Gray’s
lawsuit was dismissed as frivolous.  The dismissal order did not provide
further explanation and did not state whether it was with or without
prejudice.  There is no indication in the record that service was ever effected. 
Appellees filed no documents in the trial court and have filed no brief in this
appeal.

II.  Standards of Review

A court may dismiss an
inmate claim, filed in forma pauperis, either before or after service of
process occurs, if it finds the claim to be frivolous or malicious.  Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2).  A claim is frivolous if it has no basis in
law or fact.  See id. § 14.003(b)(2).  However, when a trial court
dismisses a claim without conducting a fact hearing, as the trial court did
here, the dismissal can be affirmed on appeal only if the claim has no arguable
basis in law.  Retzlaff v. Tex.
Dep’t of Crim. Justice, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002,
pet. denied).  A claim is considered
to have no arguable basis in law if a prisoner has failed to exhaust his
administrative remedies.  Id.; see also Tex. Gov’t Code § 501.008(d)
(requiring inmates to exhaust the grievance
process before pursuing a claim in court); Tex. Civ. Prac. & Rem. Code §
14.005 (referencing section 501.008(d)).  A claim is also considered to have no
arguable basis in law either when the legal theory on which it is based is
indisputably meritless or when the factual allegations on which it is based are
wholly incredible or irrational.  Nabelek v. District Attorney of Harris
County, 290 S.W.3d 222, 228 (Tex. App.—Houston [14th Dist.] 2005, pet.
denied).  An inmate’s cause of action, however, may not be dismissed
merely because the court considers the allegations “unlikely.”  Minix v.
Gonzales, 162 S.W.3d 635, 637 (Tex. App.—Houston [14th Dist.] 2005, no
pet.).

Our review of whether
a claim is legally cognizable is de novo.  Retzlaff, 94 S.W.3d at
653.  In conducting our review, we take the allegations in the
plaintiff’s petition as true.  Scott v. Gallagher, 209 S.W.3d 262, 266
(Tex. App.—Houston [1st Dist.] 2006, no pet.).  We examine the claims asserted
and the relief requested to determine whether the petition stated a cause of
action that would authorize relief.  Hamilton v. Williams, 298 S.W.3d
334, 339 (Tex. App.—Fort Worth 2009, pet. denied).    A pro se inmate’s
petition should be viewed with liberality and patience and is generally not
held to the stringent standards applied to formal pleadings drafted by
attorneys.  Minix, 162 S.W.3d at 637 (citing Hughes v. Rowe, 449
U.S. 5, 9-10 & n.7 (1980)).

III.  Discussion

            As indicated
above, there was no motion to dismiss filed in this case because the trial
court dismissed Gray’s lawsuit before service of process occurred. 
Furthermore, the trial court did not explain in its order the basis on which it
dismissed the claims as frivolous.  We will therefore examine the three
possible bases for the trial court’s action:  (1) failure to exhaust the
grievance process, (2) factual allegations that
are wholly incredible or irrational, and (3) indisputably meritless
legal theories.

A.  Exhaustion of Administrative Remedies

We begin by analyzing whether Gray properly exhausted
the grievance process.  The record reveals that Gray filed two grievances based
on the same operative facts as his petition, and he filed an affidavit implying
that doing so exhausted the grievance process.[1] 
The grievances gave prison administrators fair notice of Gray’s allegations
such that the alleged occurrences and issues could have been addressed if
substantiated.  Furthermore, there is no indication in the administrative
response that the allegations were not understood by officials or deemed
inadequate.  Although Gray’s grievances did not specifically raise the legal
theories on which he relies in his lawsuit, such is not required for exhaustion
of the grievance process.  See Brewer v. Simental, 268 S.W.3d 763, 769
(Tex. App.—Waco 2008, pet. denied)[2];
see also Tex. Gov’t Code § 501.008(d) (providing that an inmate may not
file a claim in state court regarding “operative facts” for which the grievance
system provides the exclusive administrative remedy until the inmate has
exhausted the administrative remedies as described in that subsection); Wallace
v. Tex. Dep’t of Criminal Justice—Institutional Div., 36 S.W.3d 607, 609–11
(Tex. App.—Houston [1st Dist.] 2000, pet. denied) (determining that inmate’s
claim in lawsuit that he was injured by faulty machinery was based on same
operative facts as grievance alleging negligent health care for the injury). 
Consequently, we find that Gray properly exhausted the grievance process, and
his claims could not be properly dismissed on this basis.

B.  Factual Allegations

            Next, we turn to
the question of whether the facts as stated by Gray in his petition were wholly
incredible or irrational.  As fully described above, Gray detailed conduct by appellees
that he alleges caused him injury and violated his rights.  The course of
events and causal connections described are straightforward and plausible. 
Accordingly, Gray’s claims could not properly be dismissed for stating wholly
incredible or irrational facts.

C.  Basis in Law

            Lastly, we examine
whether the legal theories on which Gray’s
claims were based are indisputably meritless.  See Nabelek, 290 S.W.3d
at 228.  

1.  Cruel and Unusual Punishment

            Gray’s first claim, or set of claims, alleged violations of
his right against cruel and unusual punishment as guaranteed by the Eighth
Amendment to the United States Constitution and Article 1, § 13 of the Texas
Constitution.  Gray sought redress for these violations through 42 U.S.C. § 1983,
which provides a private right of action for violations of an individual’s
federally guaranteed rights by those acting under color of state law, as well
as chapter 37 of the Civil Practice and Remedies Code, which governs actions
for declaratory judgments in Texas.  42 U.S.C. § 1983; Tex. Civ. Prac. &
Rem. Code §§ 37.001-37.011.

            Gray specifically alleged that appellees failed to
protect him and acted with deliberate indifference to his serious medical condition,
which resulted in his being injured.  He described policies and conditions at
the prison facility where he was an inmate that he believes were dangerous and
that he alleges caused him injury and have gone uncorrected.  As for relief,
Gray requested monetary damages, declaratory judgment that his rights had been
violated, and injunctive relief to remedy the allegedly hazardous conditions.

            Allegations similar
to these have been construed as falling under the ambit of section 1983 and the
constitutional prohibitions against cruel and unusual punishment.  See Helling
v. McKinney, 509 U.S. 25, 35 (1993) (holding inmate in pro se section 1983
lawsuit stated a cause of action under the Eighth Amendment by alleging that prison
officials had, with deliberate indifference, exposed him to levels of second-hand
cigarette smoke that posed an unreasonable risk of serious damage to his future
health); Green v. Atkinson, 623 F.3d 278, 280-81 (5th Cir. 2010)
(holding district court erred in dismissing inmate’s pro se section 1983
lawsuit, without further development of the facts, where inmate alleged prison
employees were deliberately indifferent to inmate health and safety when they
failed to screen food for foreign objects despite receiving prior complaints); Carson
v. Gomez, 841 S.W.2d 491, 494 (Tex. App.—Houston [1st Dist.] 1992, no writ)
(holding inmate stated section 1983 claim with arguable basis in law for cruel
and unusual punishment violation based on deliberate indifference to serious
medical needs where prison employees allegedly assigned him to kitchen duty
despite his inability to stand for long periods or withstand excessive heat); Onnette
v. Reed, 832 S.W.2d 450, 453 (Tex. App.—Houston [1st Dist.] 1992, no writ)
(holding inmate stated section 1983 claim with arguable basis in law for cruel
and unusual punishment violation based on deliberate indifference to his health
and safety where prison employees allegedly compelled him to work on unsafe
scaffolding despite his physical impairment).

Furthermore, declaratory judgment and injunctive
relief can be had in appropriate cases for violations of the Texas
Constitution.  See City of Beaumont v. Bouillion, 896 S.W.2d 143, 149
(Tex. 1995) (explaining that money damages cannot be awarded for violations of
the Texas Constitution but that injunctive relief is available); City of
Arlington v. Randall, 301 S.W.3d 896, 904, 906-08 (Tex. App.—Fort Worth
2009, pet. filed) (discussing Bouillion and determining that plaintiff
could seek injunctive relief in declaratory action for violations of Texas
Constitution).  Accordingly, Gray’s cruel and unusual punishment claims could
not properly be dismissed as being based on
indisputably meritless legal theories.[3]

2.  Address of Grievances

Gray makes no argument in his briefing regarding his
claim that he was denied adequate redress of grievances.  See Tex. R.
App. P. 38.1(i) (“[Appellant’s] brief must contain a clear and concise argument
for the contentions made, with appropriate citations to authorities and to the
record.”).  Accordingly, we affirm the trial court’s dismissal of this claim.  See Nabelek,
290 S.W.3d at 230 n.8 (rejecting inmate’s appellate contention for failure to
provide adequate briefing).

IV.  Conclusion

            We affirm the portion
of the trial court’s judgment dismissing Gray’s claim that he was denied
adequate redress of his grievances.  We reverse and remand the portion of the
judgment dismissing Gray’s claims regarding cruel and unusual punishment.

 








                                                                                    

                                                                        /s/        Martha
Hill Jamison

                                                                                    Justice

 

 

Panel consists of Justices Brown, Boyce,
and Jamison.

 









[1]
Gray’s affidavit was entitled “Affidavit of Exhaustion of Administrative
Remedies.”  In it, he averred that pursuant to section 14.005 of the Civil
Practice and Remedies Code, he filed a Step 1 grievance and a Step 2 grievance,
and both grievances were signed by the “grievance authority.”  Section 14.005
requires inmates to file an affidavit regarding the grievance process as well
as copies of the written decisions from the grievance system.  Tex. Civ. Prac.
& Rem. Code § 14.005.  It references section 501.008(d) of the Government
Code, which, as mentioned above, requires inmates to exhaust the grievance
system before filing claims in court.  Tex. Gov’t Code § 501.008(d).





[2]
As stated in Brewer:

Other than
reviewing a grievance to insure that the inmate’s claim arises from the same
operative facts set forth in the grievance, nothing in the grievance system statutes
supports the . . . contention that the trial court—or an appellate court
reviewing a trial court—can or should parse through an inmate’s grievance to
determine the nature of the inmate’s claims . . . .

268 S.W.3d at 769.





[3]
We take no position on the ultimate merit of Gray’s claims or the suitability
of his requests for relief.