NO




NO. 12-08-00399-CV


 IN THE COURT OF APPEALS


 TWELFTH COURT OF APPEALS DISTRICT


 TYLER, TEXAS





SIMMONS THEODORE YLIYAH NA'BI, ' APPEAL FROM THE THIRD

APPELLANT


V. ' JUDICIAL DISTRICT COURT OF


T.D.C.J.-I.D., BRAD LIVINGSTON,

BILL PIERCE AND DOVID GOLDSTEIN, ' ANDERSON COUNTY, TEXAS

APPELLEES






MEMORANDUM OPINION


Appellant Simmons Theodore Yliyah Na'bi appeals from the trial court's dismissal of
his claim as frivolous or malicious under Chapter 14 of the Texas Civil Practice and
Remedies Code. In his sole issue, Na'bi contends the trial court abused its discretion in
dismissing his claim without prejudice. We affirm. 


Procedural Background

Na'bi, an inmate, filed suit against Appellees Texas Department of Criminal Justice -
Institutional Division (TDCJ), Brad Livingston, Bill Pierce, and Dovid Goldstein "in their
official and individual capacities." In his original petition, Na'bi alleged violations of his
right to freely exercise his religion, as guaranteed to him by both the Texas and U.S.
constitutions. Specifically, Na'bi alleged that he is of the Jewish faith "based on the Torah
and not the man made Jewish law," and consequently, he is entitled to kosher meals and a
"transfer to a Jewish host unit." Na'bi averred that Appellees deprived him of both
entitlements, in violation of the Texas Religious Freedom Restoration Act. (1)

The trial court, sua sponte and without a hearing, dismissed Na'bi's lawsuit without
prejudice as frivolous or malicious under Texas Civil Practice and Remedies Code section
14.002(a)(2). Na'bi appealed from the trial court's dismissal order.


The Trial Court's Dismissal of Na'bi's Lawsuit

 In his sole issue, Na'bi maintains that the trial court abused its discretion in dismissing
his suit as frivolous or malicious under Texas Civil Practice and Remedies Code section
14.002(a)(2). 

Standard of Review

We review the trial court=s dismissal of an in forma pauperis suit under an abuse of
discretion standard. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.--Waco 1996, no
writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without
reference to any guiding rules or principles. Lentworth v. Trahan, 981 S.W.2d 720, 722
(Tex. App.--Houston [1st Dist.] 1998, no pet.). We will affirm a dismissal if it was proper
under any legal theory. Johnson v. Lynaugh, 796 S.W.2d 705, 706-07 (Tex. 1990); Birdo v.
Ament, 814 S.W.2d 808, 810 (Tex. App.--Waco 1991, writ denied). The trial courts are
given broad discretion to determine whether a case should be dismissed because (1) prisoners
have a strong incentive to litigate; (2) the government bears the cost of an in forma pauperis
suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrue to
the benefit of state officials, courts, and meritorious claimants. See Montana v. Patterson,
894 S.W.2d 812, 814-15 (Tex. App.--Tyler 1994, no writ).

Applicable Law

Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by
an inmate in which the inmate filed an affidavit or unsworn declaration of inability to pay
costs. (2) Tex. Civ. Prac. & Rem. Code Ann. ' 14.002(a) (Vernon 2002); Hickson, 926
S.W.2d at 398. Section 14.003 provides that a trial court may dismiss a claim before or after
service of process if the court finds that the claim is frivolous or malicious. Tex. Civ. Prac.
& Rem. Code Ann. ' 14.003(a)(2) (Vernon 2002). 

In determining whether a suit is frivolous or malicious, the trial court may consider,
among other things, whether "the claim is substantially similar to a previous claim filed by
the inmate because the claim arises from the same operative facts." Id. at § 14.003(b)(4)
(Vernon 2002); see also Obadele v. Johnson, 60 S.W.3d 345, 350 (Tex. App.--Houston
[14th Dist.] 2001, no pet.) (citing Johnson v. Lynaugh, 796 S.W.2d 705, 706 (Tex. 1990)). 

To enable a trial court to determine whether the suit is substantially similar to a
previous one, an inmate is required to file a separate affidavit or unsworn declaration
describing all other prior suits brought by the inmate, stating the Aoperative facts@ upon
which relief was sought. Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(a)(2) (Vernon 2002).

Discussion

In the present suit, Na'bi alleges that he does not receive kosher food, which violates
his Jewish faith. Na'bi provided an affidavit of his previous claims, including descriptions of
the operative facts in each claim. Na'bi listed eight prior claims dating back to 1999. All
eight claims were dismissed. Two of those claims concerned food and diet, and one of those
claims is substantially similar to the claim Na'bi asserts in the current suit. 

Na'bi states in his affidavit that he previously sued TDCJ for its alleged "refusal to
provide me a Quranic diet [which] violated my religious beliefs . . . ." At that time, Na'bi
was a Muslim. That suit was dismissed. Since then, Na'bi has changed his faith to Judaism,
but otherwise makes the same claim in the instant suit. The operative facts in both suits are
the same: an alleged violation of his religious freedom by TDCJ's alleged failure to provide a
diet suitable for his religion. 

This is the second lawsuit lodged by Na'bi complaining that the food served in TDCJ
violates his religious freedom. Thus, the trial court reasonably could have determined that
the claim is substantially similar to a previous claim filed by Na'bi and concluded that the
claim is frivolous. Consequently, the trial court did not abuse its discretion in dismissing the
suit. We overrule Na'bi's sole issue.

 






Disposition


We affirm the trial court's judgment. 


JAMES T. WORTHEN

Chief Justice 





Opinion delivered September 30, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

















(PUBLISH)

1. See Tex. Civ. Prac. & Rem. Code Ann. §§ 110.001-.012 (Vernon 2005).
2. Chapter 14 does not apply to Family Code lawsuits. Tex. Civ. Prac. & Rem. Code Ann. ' 14.002(b)
(Vernon 2002).