*1547·14*

ORIGINAL

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS
AUSTIN, TEXAS

---

COURT OF APPEALS

FOUR~~TFIRST~~ JUDICIAL
HOUSTON, TEXAS

CAUSE #01-09-00193-CR

FILED IN
COURT OF CRIMINAL APPEALS

APR 17 2015

Abel Acosta, Clerk

---

GERALD ALAN HAYES, APPELLANT

VS.

STATE OF TEXAS, APPELLEE

---

PETITION FOR DISCRETIONARY REVIEW

---

ORAL ARGUMENTS REQUESTED

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 16 2015

Abel Acosta, Clerk

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT

Gerald Allen Hayes
TDCJ NUMBER 1578806
Mark W. Ellis Unit
1697 Farm to Market Road 980
Huntsville, Texas 77343

DEFENSE COUNSEL AT TRIAL

Appellant *pro se*

STAND_BY COUNSEL

Allen Isbell
202 Travis Street, Suite 208
Houston, Texas 77002

PROSECUTORS AT TRIAL

Alison Baimbridge
*Assistant District Attorney*
HARRIS COUNTY DISTRICT
ATTORNEY'S OFFICE
1201 Franklin Street, 6th Floor
Houston, Texas 77002

PRESIDING JUDGE

The Honorable Mark Kent Ellis
351ST DISTRICT COURT
1201 Franklin Street, 14th Floor
Houston, Texas 77002

APPELLANT'S COUNSEL

Franklin G. Bynum
*Assistant Public Defender*
HARRIS COUNTY PUBLIC
DEFENDER'S OFFICE
1201 Franklin Street, 13th Floor
Houston, Texas 77002

APPELLANT pro se--appointed

ii

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ii

INDEX OF AUTHORITIES IV

STATEMENTS REGARDING ORAL ARGUMENT V

STATEMENTS OF THE CASE 1-2

STATEMENTS OF PROCEDURAL HISTORY 3

STATEMENT OF THE QUESTIONS 4

ARGUMENTS 5-14

PRAYER FOR RELIEF 15

CERFIFICATE OF SERVICE

DECLARATION

APPENDIX

# INDEX OF AUTHORITIES

Pages

STATE CASES

BROWN V. STATE   183 SW 3d 728   (TX Hous 1st 2005)   6
CARMOUCHE V. STATE   105 SW 3d 323   (TXCRIMAPP 2006)   7
* Chadwick ~~STATE~~   433 US at 15 97 S.Ct 247   6
CRUISE V. STATE   587 SW 2d 403 (TXCrimApp 1979)   11
ex parte GARDER   959 2d SW 189   (TXCrimApp 1998)   5
GUZMAN V. STATE   955 SW 2d 85   (TXCrimApp 1997)   7
GROTTI V STATE   273 SW 3d 273   (TXCrim App 2006)   10
Hollowell V. STATE   571 SW 2d 179   (TXCrimApp 1978)   8
HARPER V STATE   675 SW 2d 534   TX Hous 1st   11
Johnson V. Lynaugh   796 SW 2d 705   (1990)   6
mitchell V. STATE   68 SW 3d 640   (TXCrimApp 2000)   9
Scheanette V STATE   144 SW 3d 503   (TXCrimApp 2004)   9
Sidney V STATE   560 SW 2d 679   (TXCrimApp 1978)   11
walker V. STATE   321 SW 3d 18   (TXAppHous 1st 2009)   8
WATSON V. STATE   204 SW 3d 404   (TXCrimApp 2006)   10

Federal   5,13
Ander V. CALifornia   386 US at 744 (1967)   6,8
Brady V. maryland   373 US 87 83 SCt 1194   9,14
Faretta V california   422 US at 806, 92 SCt. 2541   7
Neil V. Bigger   409 US 188   6
US V Rodger   126 F3d 655   (5th CIR)
STrickland V wAshington   466 US 688   (1984)   8
Jackson V. virginia   443 US 307   (1979)   10,12

Constitutional   6,7
FOURTH Amend USCa
Sixth Amend USCa   14

TEXAS   5
TRAP 33.1 la 2 (a)(b)   5
  44.2 (a)(b)
TRAP 66.3 (a) (c)(d)(f)   4,12,14
TXCCP 38.23   7

## STATEMENT REGRADING ORAL ARGUMENTS

This case is one of possible first impression and concerns several relevant State and U.S. Constitutional issues based on the rights of A prose defendant at trial and pro se Appellant counsel once appointed by the Court of Appeal. The defendant/ Appellant, pro se, has evidence within the record and personal knowledge as counsel during the (6) years that due process of law and abuse of discretion by trial court and Court of Appeals- First District has repeatedly occured in part due to his attempt to defend himself and bring the truth(withheld evidence) to light.

Oral arguments would help clarify and corroborate the history and evidence of this case that appointed counsel have refused to do as an advocate for the client and justice. The opinion to follow in this case if properly litigated before this court would be a standard for the lower Courts to follow.

## STATEMENT OF THE CASE

A Harris county Grand Jury indicted Gerald Hayes July,22 2005 for Aqqravated Robbery-Firearm(    ), amended Aqqravated Robbery-Pellet Gun(CR:09) 1/18/2008 and reindicted Aqqravated robbery -Firearm (CR:2) 1/9/2009. May 17,17,2007, a Faretta hearing conducted granting Mr.Hayes request to represent himself at trial, removing Allen Isbell but appointing him standby.(4:RR36) Jury selectedon February 20,2009 (9RR:14) and guilty verdict returnedof lesser included offense Robbery-Pellet Gun on Feb. 24, 2009(11RR:127) The trial court granted Allen Isbell a continuance for punishment proceeding, April 15,2009 Judge Ellis made a finding of true on both enhancement paraqraphs , both plead as "not true" and sentenced to Life in prison. (13RR at 27-29)

Scott Ramsey, Appellant counsel, filed and conducted New Trial hearing March 20 2009(IVCR:637) denied on June 252009(MNT1RR:106) and filed and arqued Bill Of Exception at hearing on Nov.5 2009. Ramsey filed direct appellate brief on Dec.14 2010 prior to his removal. Hayes elected to represent himself as appellate counsel due to claims of incomplete record and a Faretta hearing was orde and held August 4 2011 (1RR:15), COA granted order to proceed pos se on Sept. 18 2011. Pro se hearing pursuant TEXR.APP. P 34.6(f) held.

Appellant Hayes, pro se, timely filed direct appeal brief on Sept, 12201and adopted Scott Ramsey's Briefing, COA ordered prose counsel removed and struck filed brief on Nov,2 2012, against the wished and objections-- no hearings held--objections denied(COA Deny Motion to have new appointed counsel Franklin Bynum removed-denied

I

State Bar Grievance filed against Franklin Bynum at his request.

Bynum filed Ander's brief on April 9,2013 and Pro Se Response to Ander's timely fied and supplement to Response

Court of Appeals affirmed Appellant conviction and Ander's brief on Oct 23 2014 reconsideration filed and denied.

Appellant now comes before this Court filing PDR pursuant TEXR. APP.P 68.

# STATEMENT OF PROCEDURAL HISTORY

- Court of Appeal orders Appointed counsel Scott Ramsey Removed And Appoints Appellant self Representation as Appellate Counsel Aug 18 2011

- July 26 2012 Appeal Abated for Appointment of counsel on Court of Appeal discretion.

- September 12 2012 Appellant files pro se brief - Direct And Adopts Scott Ramsey filed Brief

- November 2 2012 Court orders brief struck And Appellant files objection And Request for hearing.

- Appellant pro se gives Notice to Court of criminal Appeals Objecting to his Removal as counsel on Appeal.

- Conflict of interest is created with Appellate counsel Franklin Bynum upon STATE BAR GRIEVANCE.

- Appellate counsel files Anders Brief

- Response to Anders brief filed on July 8 2013

- Court of Appeal Affirm Judgment oct 23 2014

- Pro se Responds with Reconsideration - (Denied)

3

# Questions Presented For Review

1. Whether the Court of Appeals erred in concluding the record was wholly frivolous and NO arguable grounds exist for Appeal.  TRAP 66.3 (a) (c)

2. Whether the standard and guideline in which the Court of Appeal used to remove PRO SE APPELLATE COUNSEL and strike brief was procedurally without precedence and contrary to the standard set forth by the Court of Criminal Appeals and U.S. constitutional due process pertaining to Appellate SELF-representation. TRAP 66.3 (a)(b)(c)(d)

4

Whether the Court of Appeals erred in concluding the record was wholly frivolous and no arquable ground exist for appeal. (slip op at 2-3)

## ARGUMENT

As a threshold matter, Appellate counsel filed an Anders brief on April 9,2013 alleging that pro se litigant created a record that completely devoid of any non-frivolous issues.(Anders:8) claiming only one issue raised by Allen Isbell.(11RR:107)

Appellant filed a pro se response,supplement and reconsideration, all addressing reversible errors pursuant T.R.AP. 44.2(a,b.) and T.R.A.P. 33.1 (1a, 2 a,b) on 4/9/2013,5/9/2013, 6/3/2013, with factual and evidentiary challenged, record claims that should had been permitted to be litigated on direct appeal. Ex parte Garder 959S.W.189,198-200(TEXCRAPP1998) Response focused on same issues previously brief and filed by attorney Scott Ramey Dec,14,2010 and pro se brief Sept. 12,2012. (see: filed briefs)

The COA should had denied counsel's certification of meritlessness appeal since the record support several arquable claims. Bynum's brief did not aduquately address the COA attention on the arquable claims that were evident from the prior (2) briefings. (See; Appendix) The appellant was deprived of constitutional adequate representation on appeal by Court of Appeal's affirming of trial court judgment as prescribed in the Ander's brief. counsel's Anders brief failed to satify the standard when it failed to refer to ANYTHING IN THE RECORD THAT MIGHT ARUGABLEY SUPPOR THE APPEAL. Anders 386U.S.at 744 The seperate inquiry by COA of the record was flawed when considering the appeal in the merit the proceeding is frivolous when it lacks an arquable basis either

in law or in fact. Johnson v. Lynaugh 796 S.W.2d 705,766 (1990) The Appellate counsel and Court of Appeals erred in its failure to determine that (2) suppression hearings --Hearing for Bill of Exception conducted by Mr Ramsey and Hearing for Motion for New Trial , all within the record did not constitute arguable and preserved points of error. The Court overruling of pretrial motion to suppress evidence preserve the error on appeal. Brown v. State 183 S.W.3d 728,741 (TXAPP1st 2005) The pending issues and objections addressed in these hearings were U.S. Constitution violations such as suppression of illegal obtained evidence(SX4-8) impermissible suggestive ID procedures incourt/out of court that are protected under Due Process of Law US v. Rodgers 126F3d 655 658 (5thcir), Brady violation and Discovery order violations by ADA Baimbridge. Brady v. mAryland 373US87 93S.Ct1194, Art 28.01 TCCP39.14

How could the Court of Appeal afford a meaningful review of the record if blant error and abuses of trial court litter to record as follows:

● State admitted evidence (SX4-10), over defendant objection this evidence was diputed and claimed to had been illegally obtained violating the search and seizure expection of privacy right within the Fourth Amendment USCA. see Chadawick 433US at 15 97S.CT 247 (1ORR:154,165,190-192) these items would become the cornerstone of the States case and violate Brady and the discovery order.(RR:MNT:36:3-9) (pretrial objection Feb 13 2009) (CR:107)

( Defendant): Okay. And the other thing before next friday. To date the Chief prosecutor has refused to comply with the discovery and in an attempt to me it seems to blindside the defense and make self-representation difficult and impossible situation... It appears the D.A. has made deliberate decision not to comply with the discovery order and also to act maliciously towards me, and I can prove evidence of that specifically on December 11, when I was... (Supp:RR:1: 6-8)

Sgt. Ryza confiscated search and a luggage duffle bag without warrant containing personal items of defendant(SX:5-7), claiming an "incident" to the arrest "although there was never probable cause to search inside the luggage without a warrant. The prosecutor repeatedly offered the illegally obtained clothing to match a general discription of clothes worn by the suspect: " Does it look like...((10RR:105:18-25,RR;104-106) Sgt Ryza agreed the clothing were only similar but no proof of exactness(11RR:25-26) and possession not unusal (10RR:202-203)

The State had waived the existence of these items seized during t the suppression hearing Dec.11 2008 (MOTION ILLEGALLY SEIZED EVID. CR:I/II213,CR:I/IV:391)

> Court; Do ya all have any evidence seized for the defendan
> that you intend to use at trial .
> State: No. (RR:mosupp:4:23-25)

The Court of Appeals erred by not reviewing suppression pursuant bifurcated standard of review. Carmouche v. State 105 S.W.3d 323 327 (TXCRIMAP 2000) The historical fact are in dispute or not review in full violating TXC.C.P. 38.23 and not give a jury instruction. The Appellant's Fourth Amendment USCA Rights had been preserved for a merit of Review by Appellate court

    Impermissible suggestiveness tainted incourt/out court ID procedure during multiple occasion. Guzman v. State 955S.W.2d 85,89, (TXCRIMAPP,1997)

* PRO Se Defendant forced by Trial court to conduct suppression hearing on December 11 2008 wearing jail clothes And wearing Handcuffs. In Court ID perform by Complainant, Scroggin.
* Issues within Bill of exception - Violation of witness Rule,

These incident demonstrate by clear and convincing evidence that the trial identification was irreparbly tainted . Neil v.Bigger 409 US 188

● The Motion for New Trial Hearing preserved the reversal al.r claim for <u>Brady</u> and discovery violations.  Contrary to the COA previos rulings and USCA.  <u>Walker v. State</u> 321 S.W.3d 18 (TXAPP Hous1st2009)

> Defense: from June2008 until you tookover this case until
> (2) days before trial you have could have ascertain
> ed the existence of this evidence, right , you
> could have found out whether it was there and what
> it was.

> ADA: Sure  if he asked me to.
> Q: That's not my question. you yourself as prosecutor could
>    have?
>  A: Sure yes sir.
> Q; you did not.
>  A: I did not.        (RR:MNT:22:1-4)

ADA Baimbridge was negligent and unaware of actual evidence obtained by law enforcement(CR:213)

> Defense:  ...did you make any effort to contact him(Ryza)
>           about what evidence he had in his possession and
>           what evidence was in possession of the HPD.

> ADA:  Besides the evidence that I already had,.. nno sir
>                                        (RRMNY:19:7/12

Evidence willfully withheld should be excluded . <u>Hollowell v. State</u> 571 S.W.2d 179,180 (TXCRIMAP, 1978)

● The appellate record prevail on a claim of ineffective assistance of counsel by Allen Isbell as both trial and standby counsel. The record is developed by a preponderance of the evidence for both (2) prongs of <u>Strickland v. Washington</u> 466US 668, 686 (1984). The trial court caused inherent diffuculties and unreasonable prejudice by the restraints on pro se counsel and appointed standby counsel.  The trial court ensured that defendant would be denied rights of assistance necessary to justify reliance on the outcome of the proceedings and a fundamental error of such significants that effects the verdict and subject to automatic

8

reversal by the Court of Appeal. Mitchell 68S.W.3d 640,640
(TXCRINAPP 2002) The Appellant contends the record is adequate
to address cliams of ineffectiveness. Scheanette v. State
144 S.W.3d 503,510 (TXCRIM AP 2004)

• The Court of Appeal erred in it decision by conflicting with
U.S. Constitutional due process rights and applicable ruling from
the Texas Court Of Criminal Appeals by ruling the record wholly
frivolous and no arguable grounds although the trial court imposed
a unconstitutional "standby and wait" rule , so the pro se defend-
ant was forbidden to consult with standby counsel at any time.

> TC: Standby and wait if you decide youwnat him to represent
> you.(RRSUPPL:10:10-16)
>
> Standby and wait until you come to your senses. (7RR:9),
> (RRSUPPL:11:1-5) (Feb. 13 2009 pretrial h.)

The new trial hearing preserved the issue for appellat review:

> Defense: And the Judge advised him-Mr. hayes--clearly that
> that is he choose to represent himself he could not
> question or consult with Mr. Isbell, is that corret
>
> ADA: Almost everytime he was on the docket... You are not
> entitled to speak with Mr. Isbell."(RRMNT:50-51)

NOT ENTITLED: The Appellant argues that this denial to consult
orbe advised during critial stages of trial-guilt-innocence,
violates his rights under Art.I sec 9 Texas Const. and Tex.Code
Crim.P 1.051 (h) Faretta rights are not infringed when standby
counsel assist in defendant "overcoming rountine procedural or
evidentiary obstacles, nor are they infringed when counsel merely
helps to ensure the defendant compliance basis rules of courtroom
protocol. "Literally going to be sitting in the courtroom, stand-
by-that's the concept...he does not represent you and has no legal
obligation to the case.(6RR:7)

9

• The Court of Appeal erred in the application of law to facts pertaining to thelegal sufficiency of the evidence applying the Jackson Standard. Jackson v. Virginia 443U.S.307,319n12 (1979) The jury was not rationally justified in finding that Appellant was guilty of the lesser-included robbery-pellet gun.

The Appellate Court should had found with some objective basis in the record, that the great weight and preponderence of evidence contradicts the verdict of Robbery-Pellet gun. Watson v State 204 S.W.3d 404,415 (TXCRIM APP 2006) Grotti v. State 273 S.W.3d 273,288 (2008) Here the State failed to prove beyound a reasonable doubt that appellant committed robbery by using or exhibiting a pellet gun. If a pellet-gun was used in the course of so doing, preponderance of evidence would constitute Agg. Robbery TEX.PEN.CD. 29.03 Complaiant, Allen Scroggins testifed gun was in his waistband(10RR:109,113-114)although it was never seen in SX photos and never found,removed or pinted(10RR:127) no verbal threats made. States closing argumentemphasised the theory that a semiautomatic handgun was tucked in his waistband. (11RR:120:18-23) but the theory is based on a "bulge"(11RR:121:23

> State: Do you have any prooff of that? The only proof
> you have is that it was found in his --hotel room...
> (ref. to pellet gun 11RR:124:14-17)

The due process attached to legal sufficiency requires that the State provide proof beyound a reasonable doubt of every element of the crime charged. Since Robbery 29.02 PEN.CD involve a two part analysis , the evidence fails to demonstrate that defendant"caused bodily injury,threatened, or placed another in

10

fear of IMMINENT FEAR bodily injury or death while in the course of committing theft." there is reasonable doubt as to the element IMMINENT FEAROF BODILY INJURY OR DEATH certainly if the robbery was executed with a pellet gunand a lack of any physical interaction between victim and the defendant . Harper V State 675 SW2d 534-536 (1Hous app) Scroggins was never in imment fear but did state "kind of in shock"(19RR:10:116:7), "kind of like paused" (10RR:109)

The evidence is legal insufficient to prove all the elements of Robbery -pellet gun because the facts and testimony of witness prove the theft was     with a note-"note dropping"

  Scroggins: He had a letter in there(Fed-Ex envelop). I didn't notice it at the time but it was a letter demanding, I guess cash...(10RR:108:10-16)

The State expert witnesses disputed the gun allegation when veiwthe photos(SX:17-20), no weapon seen (RR10:36) and Oglesby stated "I saw basically a man provide an envelope to a teller and then recieve some money and the he left the premises.(10RR:71:1-8)

When all the facts of this case are considered, it is clear that a finding of qulity for Robbery-pellet gun is against the great weight and prepondence of the credible evidence and this issue should had been briefed by Appellate counsel. Evidence did not match theory alleged in indictment of lesser included offense and motion to quash were filed and denied in pretrial--demanding appropriate manner and means in which defendant caused immient fear. Cruise v. State 587S.W.2d 403 TXCRIMAPP1979 Sidney v. State 560 S.W.2d 679 (TXCRIMAPP 1978) A unprepared Allen Isbell, standby counsel, incorporated a possible circustance in the criminal espisode as a "hypothetical" in addition to proof that the defend-

ant was not at the Wells Fargo Bank at the time of the robbery, but a registered guest at the Westin Hotel and made a phone call at the time of the robbery.(11RR:66-97) Clearly a disparity exist between the charge and proof and the jury failed to reach a rational decision if it's centered on irrational and unreasonable evidence to support the element of a crimal offense.

Clearly the Court of Appeals erred in apply the correct standard of review for sufficiency of evidence based on all the relevant evidence within the record and it decision that the record is wholly frivolous conflicts with other Court of Appeals and the Jackson Standard adhered to by this Court.T.R.A.P.66.3(a)(c)

The Rousseau Standard was violated by the trial court since neither party provided "some evidence" that the defendant was guilty only of the lesser included offense of Robbery-Pellet gun. Barehill V. State 740 SW2d 572 (Appl Dist 1987) Rogers v. State 795 SW2d 300 (Appl Dist 1990) The Court of Appeal failed to Acknowledge this as an Abuse of discretion by the trial court And conflicting with its own prior decisions.
TRAP 66.3(a)

12

The standard and guideline in which the court of Appeal used to remove Appointed pro se Appellate counsel And strike brief was procedurally without precedence And contrary to the standard set forth by the court of Criminal Appeals And U.S. Constitutional due process pertaining to Appellate Self-representation.

## Argument

Appellant, Hayes, elected to represent himself as Appellate counsel at Faretta hearing held on August 4 2011 (1RR at 15) And court of Appeal ordered Scott Ramsey's removal And granted self-representation. Direct Appeal brief was filed on September 12 2012 but on July 26 2012 the court of Appeals ordered his removal And striking of brief Against his wishes And repeated objections. The result of his removal was claims of ineffective representation Against Franklin Bynum And a _Anders_ brief filing.

The Appellant claims there are "plausible grounds for Appeal" within the pro se direct Appeal brief And Adopted brief of Scott Ramsey (3) points of error. _In Re schulman_ 252 sw 3d 403 (TxcrimApp 2008) A conscientious examination of the Record would show the COA was without legal merit And Abused discretion by removing pro se Appellate counsel without just cause and without a Hearing on the matter. Pro se Counsel had fulfilled all obligations as an effective And zealous voice in the

13

interest of the direct Appeal process. The Arguments within (2) previously filed briefs are not frivolous And reference sufficient preserved errors for Appellate Review on direct Appeal.

In the case before the court, the court of Appeal Removed the only Active Advocate, pro se counsel, giving way to claims of a wholly frivolous Record by an Appellate counsel that was Not wanted or Needed. The court of Appeal stated that "Neither his own interest Nor the interest of Administration of justice were being furthered" but the court had Never warned or Reprimanded the pro se Appellant during his self representation. The Appellant, pro se, had successfully supplemented the Record with trial court hearings Not previously included February 13, 2009 And had been denied copies of evidence And exhibits within the care And possession of the court of Appeal's clerk of court.

The court of Appeal suggest a "difficulty of communicating with the Appellant" but documents And exhibits will prove the court was mailing correspondence to the wrong Address. The best "interest of justice" And Administration was violated by the court of Appeals itself Not counsel, 9ts decision conflicts with this court And federal. TRAP 66.3(c)

The court of Appeal Acted without Reference to any guiding Rules And principles constituting the Act as Arbitrary And Unreasonable by violating due process rights for self-Representation. Faretta v California 422 US at 806, 807 S. Ct 2525  Sixth Amendment USCA. TRAP 66.3(f)

14

## PRAYER FOR RELIEF

Wherefore, PREMISES CONSIDERED, Appellant pro se, respectfully prays this Court to review the reasons for granting review based on the First Court of Appeals decesion to affirm the judgment and Anders Brief in Cause#01-09-00193-Cr. The Appellant prays this Court grant discretionary review based on erroneous decisions that conflict with other State of Texas and Federal Appellate Courts and the misconstruing of Statute, Rule and Standard of law, all of which have denied Due Process and a miscarriage of justice.

Since the trial court and appellate record is deveoped for ineffective assistance of counsel, oral arguments would strenght claims in the record for a procedural defult in any collateral proceedings and Federal habeas proceddings espectfully submitted

*Gerald Hayes*

Gerald Hayes
#1578806
April 9 2015

15

## CERTIFICATE OF SERVICE

I, Gerald Hayes, Certify persuant to rules of Civil Procedure Rule 22 and the Mail-Box Rule , that a true and correct copy of this PDR has been placed in the United States mail box at the Ellis Unit on this 10th day of April 2015.

Cc:

Honorable Abel Acosta
COURT OF CRIMINAL APPEALS
201 W 14th st rm 106
p.o.box 12308
Austin,TX 78711-23-8

Sate Prosecuting Attorney
p.o.box 12405
Austin,Tx 78711

Harris County District Attorney
Houston,TX

Respectfully,
Gerald Hayer
1578806
Ellis Unit
April 9 2015

## DECLARATION

I, Gerald Hayes, TDCJ# 1578806, presently incarcerated in the Texas Department of criminal Justice, in Walker County, Texas at the Ellis Unit do hereby verify under penalty if perjury that the foregoing statments are true and correct and I have personal knowledge of the same on this the-9th day of April 2015. TEX. CIV. Practice and Rem. sec 132.001-132.003

Respectfully submitted

Gerald Hayes
#1578806
Ellis Unit
April 9 2015

Arguments Briefed by Scott Ramsey-Counsel
And Pro Se Counsel

## I.

The trial cour erred in admitting Bank Survellance photographs
And a related Compact disk as evidence by failure to require
adequate general provision on the requirement of authentication
and identification.

## II.

The trial court erred in admitting evidence seized from appellant
at time of arrest that the prosecutor willfully withheld and failed
to produce to defense in compliance with a discovery order and request.

## III.

Appellant was denied his due process rights affored under Brady v.
maryland By the failure of the State to provide evidence in possesion
of state after specific request and order made.

## IV.

The trial court erreed in restricting the appellant, Pro-Se, rights to
a fair trail by depriving counsel of Sixth Amendment rights and
creating circumstances that caused Structural errors.

## V.

Appellant contends that evidence was legally insufficient to Support
the enhancement paragraphs and is one of evidentiary insufficiency
failing to Support the State's requirements and trial Courts finding
of true.

## VI.

The evidence brought fourth at trial was legally insufficient to Support
each element of the offense of robbery requiring proof beyound a
reasonable doubt Under Jackson v. Virginia.

Opinion issued October 23, 2014



In The

# Court of Appeals

For The

## First District of Texas

---

### NO. 01-09-00437-CR

---

**GERALD ALLAN HAYES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1198372**

---

## MEMORANDUM OPINION

A jury found appellant, Gerald Allan Hayes, guilty of the felony offense of robbery. *See* TEX. PENAL CODE ANN. § 29.02(a)(2) (West 2011). The trial court then found the allegations in two enhancement paragraphs true and sentenced him

to life in prison. *See id.* § 12.42(d) (West Supp. 2014). Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant filed a response to counsel's *Anders* brief on July 8, 2013. Appellant further filed supplements to his response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*,

2

300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Franklin G. Bynum must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).



# JUDGMENT

## Court of Appeals

## First District of Texas

NO. 01-09-00437-CR

GERALD ALLAN HAYES, Appellant

V.

THE STATE OF TEXAS, Appellee

Appeal from the 351st District Court of Harris County. (Tr. Ct. No. 1198372).

The cause heard today by the Court is an appeal from the judgment signed by the court below on April 15, 2009. After inspecting the record of the court below, it is the opinion of this Court that there is no reversible error in the judgment. It is therefore **CONSIDERED, ADJUDGED,** and **ORDERED** that the judgment of the court below be **affirmed**.

The Court orders that this decision be certified below for observance.

Judgment rendered October 23, 2014.

Per curiam opinion delivered by panel consisting of Chief Justice Radack and Justices Jennings and Keyes.

CAUSE NO. 1198372

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| GERALD ALLAN HAYES | § | 351ST JUDICIAL DISTRICT |

## BILL OF EXCEPTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Appellant, Gerald Hayes, by and through Scott Ramsey, appellate counsel, and files this Bill of Exceptions pursuant to Tex R. App. Proc 33.2 and would show this Honorable Court as follows:

### I.

Prior to the hearing on Appellant's Motion to Suppress Illegal Identification on December 11, 2008, the following occurred:

1. Appellant, who was incarcerated, was unable to meet with either his standby counsel or his investigator prior to the hearing;

2. Appellant was not advised that identification witnesses were in the Courtroom prior to being brought out by the bailiff;

3. Appellant was observed by Alan Scoggins and Officer Oglesby dressed in jail clothes and in handcuffs prior to any testimony concerning their prior identification of Appellant; and

4. Appellant was unable to invoke the rule prior to being observed by these Witnesses.

Defendant now files this his Bill of Exceptions and asks that same be allowed, approved, signed and filed as part of the record in this case.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court approve this Bill of Exceptions and file it as part of the record in this case, or in the alternative, place this matter on the on the Court's docket for hearing and for such other and further relief to which he may show himself to be justly entitled.

Respectfully submitted,

SCOTT RAMSEY, ATTORNEY AT LAW

Scott Ramsey
State Bar No. 16523500
5111 Center Street
Houston, Texas 77007
(713) 520-1620
FAXES (713) 520-1604
ATTORNEY FOR DEFENDANT,
GERALD ALLAN HAYES

CAUSE NO. 1198372

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| GERALD ALLAN HAYES | § | 351ST JUDICIAL DISTRICT |

## DEFENDANT'S MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, **GERALD ALLAN HAYES**, by and through his attorney of record, Scott Ramsey, and moves the Court to set aside the jury verdict and the judgment and grant a new trial on the following grounds:

I.

The State failed to provide and withheld the following evidence, despite Defendant's pretrial discovery requests:

(1)     a videotape of the exterior of the Randalls' store taken during the time of the alleged robbery in Houston on April 30, 2005, which offense was the basis for Defendant's conviction.

The State's failure to provide this evidence is contrary to the mandate of Brady v. Maryland, 373 U.S. 83, 10 L.Ed. 215, 83 S.Ct. 1194 (1963).

This evidence was both material and favorable to the defense and was utilized during investigation by police investigators, including Sgt. J. Edwards, Bellaire Police Department, the FBI and the State. This evidence was never provided to Defendant.

This videotape was also used by police and exhibited to Defendant during his interrogation following arrest.

II.

Further, the State, over objection, introduced before the jury evidence which had been requested by Defendant in pretrial discovery and ordered produced by this Court, but never provided by the State, contrary to due process under the Fourteenth Amendment, U.S.

1

Constitution, the due course of law provision, Art. I § 19, Texas Constitution, and Art. 39.14, Tex. R. Crim. Proc. This evidence included a shirt, wallet, Defendant's driver's license and a Federal Express envelope seized by law enforcement and retained as evidence.

### III.

Defendant discovered, after verdict and sentence, that portions of the testimony of Paula Davalos, a State's witness, given during the punishment stage of the trial were false and created a false impression adverse to Defendant before this Court and detrimentally affected his punishment.

### IV.

The State by its actions prevented material witnesses from being in court and available to Defendant, by advising the following witnesses that they did not have to be present in court, although they were previously released, subject to recall:

(1) Allen Scoggins
(2) John Glos
(3) Dt. Oglesby
(4) Dt. Edwards

This action interfered with Defendant's ability to fairly present his defense.

The State also had improper *ex parte* communications with this Court, which were then related to Defendant in an effort to persuade him to relinquish his right to trial.

All of these actions prevented a fair trial through a violation of Federal due process, Texas due course of law and denied Defendant's rights of confrontation.

### V.

This Court, after Defendant elected to present his defense *pro se*, appointed standby counsel, but impermissibly imposed limitations on Defendant's right to consult with counsel and counsel's right to advise Defendant. This limitation ultimately prevented standby counsel from effectively representing Defendant at trial when he was required to do so, and precluded Defendant from fairly presenting his defense.

CR: III / IV

2

: 00481

## VI.

This Court has also misdirected the jury about the application of the law to the facts presented during trial which error materially injured the rights of Defendant

## VII.

The enhancements plead and used during the punishment phase were defective and improperly increased the range of punishment which constituted further error in this case.

## VIII.

Most of the above issues involve facts outside the record and these matters are not determinable from the existing record. These facts, if confirmed, could entitle the Defendant to relief and therefore require an evidentiary hearing for determination. Defendant requests such a hearing to fully develop these matters in order to provide an adequate factual basis for this Court's decision, as well as for appellate review. Reyes v. State, 849 S.W.2d. 812 (Tex. Crim. App. 1993)

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court set this motion for an evidentiary hearing and following said hearing, grant this motion for new trial and for such other and further relief to which he may show himself to be justly entitled.

Respectfully submitted,

SCOTT RAMSEY, ATTORNEY AT LAW

Scott Ramsey
State Bar No. 16523500
5111 Center Street
Houston, Texas 77007
(713) 520-1620
FAXES (713) 520-1604
ATTORNEY FOR DEFENDANT,
GERALD ALLAN HAYES

3

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded by either hand delivery or certified mail, return receipt requested on May _14ᵗʰ_, 2009 to the following persons:

Assistant District Attorney
351st District Court
1201 Franklin
Houston, Texas 77002

_Scott Ramsey_
Scott Ramsey

4



MEMORANDUM ORDER

Appellate case name:     Gerald Hayes v. The State of Texas

Appellate case number:   01-09-00437-CR

Trial court case number:  1198372

Trial court:             351st District Court of Harris County

On July 26, 2012, we abated the above-referenced appeal for the appointment of counsel to represent appellant. A supplemental clerk's record has been filed, reflecting that Franklin Bynum has been appointed. Accordingly, the appeal is **reinstated**.

The record is complete. Appellant's appointed counsel must file a brief **no later than 30 days from the date of this order.**

Because appellant is represented by counsel on appeal, we **strike** appellant's pro se brief and all currently pending pro se motions. A criminal defendant is not entitled to hybrid representation. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Marshall v. State*, 210 S.W.3d 618, 620 n.1 (Tex. Crim. App. 2006) (stating that points raised in appellant's pro se brief would not be considered because appellant had no right to hybrid representation); *Thomas v. State*, 312 S.W.3d 732, 737 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). Appellant's appointed counsel may re-file any motions he deems appropriate.

It is so **ORDERED.**

Judge's signature: /s/ Justice Radack
                   ☐ Acting individually     ☐ Acting for the Court

Date: November 2, 2012

# Affidavit

Before me, the undersigned authority personally appeared

__Gerald Hayes__ (your name), who duly sworn, deposed as

follows: My name is __Gerald Hayes__, I am over 18

years of age, competent to make this affidavit and personally acquainted

with the facts herein stated: **(in the following space write the facts/your statement)**

During the course of trial for Agg. Robbery in Court #351 District Houston, I pro se Defendant, called Allen Scroggin to the witness sat for direct questioning. I was told by Balifee he was Not present And available as a witness as instructed by subpeona, He is the complainant on the indictment I motioned the court for Attachment. Then told on record that one of the witnesses remained. I had requested All witnesses on STATE list recall, Especially _my Accuser at trial_, I was forced to turN counsel over to Allen Isbell. I informed him that I had proof Allen Scroggin was lieing, to call him — Isbell refused. After the verdict From the jury and my way back to HCJ I was informed that the District Attorney had instructed Allen Scroggins Not to show up a the courthouse to testify. The facts stated here are voluntary. This was later confirmed by a outside source.

_____
Affiant (Your Signature)

Sworn and Subscribed before me on the _____ day of _____, 20 _____

_____
Notary Public In and for
The State of Texas

LL-062-(01/06)

Gerald Hayes
#1578806
1697 Fm 980
Huntsville TX 77343
Ellis Unit

Texas Court of Criminal Appeals
P O BOX 12308
CAPitol STATION
Austin TX 78711

PD#1547-14

